HENRY HINDS *vs.* THE AMERICAN EXPRESS COMPANY.

August 13, 1877.

**Justice's Judgment—Appeal Taken upon Questions of Law.**—On a trial in the district court of an appeal from a justice's judgment, taken upon questions of law alone, under Gen. St. *c.* 65, tit. 11, as amended by Gen. Laws 1868, *c.* 93, and Gen. Laws, 1873, *c.* 66, in case it does not appear that the return contains all the testimony, and no request therefor is shown to have been made, the question of the sufficiency of the evidence to support the judgment cannot be considered. In such case, sufficient competent evidence will be presumed to have been given to sustain the judgment. This case distinguished from *Payson* v. *Everett,* 12 Minn. 216.

The complaint in this action was filed in the court of a justice of the peace for Scott county, and set up two causes of action, under two separate counts. Judgment was rendered for the plaintiff, and the defendant thereupon appealed to the district court for Scott county, upon questions of law alone. The justice returned to the district court a certified copy of his docket, and certain evidence taken before him upon the trial of the cause. It also appeared from this return that the defendant, at a certain stage of the trial, had moved for a non-suit, upon the ground that the plaintiff had failed to make out a case, but that the motion was overruled. The court, *Brown,* J., presiding, reversed the judgment of the justice, and entered judgment for the defendant, whereupon the plaintiff appealed.

*Henry Hinds,* for appellant.

*Macdonald & Southworth,* for respondent.

CORNELL, J.　This appeal is from the judgment of the district court of Scott county, reversing the judgment of the justice's court, because of an insufficiency in the evidence to support it.　The appeal to the district court was taken upon questions of law alone.　In such case "the action shall be tried in the district court upon the return of the justice."　Gen. St. *c.* 65, tit. 11, § 107, as amended by Laws 1868, *c.* 93. Among the things to be stated in the return, the justice is required, "upon the request of either party to the suit," to "return to the district court a true transcript of all the evidence given upon the trial."　Gen. St. *c.* 65, § 106, as amended by Laws 1872, *c.* 66, and Laws 1873, *c.* 66.　The statute imposes upon the justice no duty to make such return of the evidence, except upon the request of one of the parties to the action, and in this respect it differs from that which came under the consideration of this court in *Payson* v. *Everett,* 12 Minn. 216.　In many cases the examination of the whole evidence is unnecessary to the proper determination of any question of law sought to be raised by the appeal, and therefore the statute very wisely dispenses with the necessity of its return, unless upon the request of a party to the action.　If, then, from the notice of appeal or otherwise, no such request appears to have been made, and it is not affirmatively shown from the magistrate's return or certificate that all the evidence is in fact returned, it must be presumed, on the hearing of the appeal, that sufficient competent evidence was given under the issues to support the judgment of the justice.　As no such request is shown to have been made in this case, and as neither the return, nor the magistrate's certificate thereto, disclose the fact that it contained all the evidence given on the trial, the district court erred in reversing the judgment of the justice on the ground of an alleged insufficiency in the evidence, under both counts in the complaint.　It must be presumed that enough competent evidence was given, under either or

both counts, in support of the allegations therein contained. to uphold the judgment.

No point is made upon any of the rulings of the justice 'upon the admissibility of evidence, and no substantial error is discovered therein. The defendant's motion for a non-suit was properly denied, even upon the evidence disclosed in the return, for there is some testimony tending to show the special agreement set out in the second count of the complaint, and a breach thereof.

The judgment of the district court must be reversed, and that of the justice affirmed.