GEORGE E. WARNER and another *vs.* J. FISCHBACH.

July 6, 1882.

**Contract—Order for Goods Fulfilled.**—Where a party signs an order agreeing to pay a specific price for an article to be delivered by the vendor, his obligation to pay becomes absolute upon delivery according to the terms of the subscription.

**Justice's Judgment—Return not Containing all the Evidence.**—*Hinds* v. *American Express Co.*, 24 Minn. 95, followed to the effect that the return of the justice not appearing to contain all the evidence, or any request to return the same, it will be presumed there was evidence in fact offered sufficient to support the judgment.

Relevancy of certain evidence considered.

Appeal by defendant from a judgment of the district court for Stearns county, *McKelvy*, J., presiding, affirming a judgment of a

justice court on an appeal therefrom upon questions of law. The case is stated in the opinion

*N. H. Miner,* for appellant.

No consideration is shown on the part of the plaintiffs. Even if defendant's signature was fairly obtained- to the order, it cannot be enforced, there being no obligation on the part of the plaintiffs to comply with it. *Bailey* v. *Austrian,* 19 Minn. 535; *Tarbox* v. *Gotzian,* 20 Minn. 139; 1 Chitty on Cont. 14; 1 Parsons on Cont. 448; 1 Addison on Cont. §§ 17, 18.

*Searle & Storey,* for respondents.

VANDERBURGH, J. The district court having affirmed the judgment of the justice court, on appeal brought upon questions of law alone, the defendant appeals to this court. The action was for the price of a map which plaintiffs allege they duly delivered to defendant, upon his written order or subscription, by him signed in their order book, in and by which he agreed to pay therefor the sum of $12 upon its delivery. The record does not purport to contain all the evidence, nor does it appear that either party requested the justice to make a full return. It appears that the order or subscription was introduced in evidence, but a copy of it is not included in the evidence sent up. The evidence returned tends to support plaintiff's cause of action, and upon the record we must presume there was sufficient competent evidence introduced to warrant the judgment. *Hinds* v. *American Express Co.,* 24 Minn. 95. When the terms of the order were complied with by a delivery of the article subscribed for, the purchaser became bound to pay the price. *Andreas* v. *Holcombe,* 22 Minn. 339.

The answer admits that the defendant did subscribe a printed order for a map in a book, but the defendant alleges that his signature was obtained by fraud. The alleged error chiefly relied on in this court by defendant is the ruling of the justice in- the rejection of certain testimony. In the course of his examination in chief in his own behalf, the defendant, being shown the subscription book, which had been received in evidence, denied the genuineness of the signature, and then stated that he did not write his name in a book, but on a paper. His counsel then asked him, "What did you write your name

for, and what induced you to write your name on the paper?"—which question, being objected to as immaterial under the answer, was ruled out. Without some further statement or offer showing the propriety of the question, and its connection with the defence alleged, we do not feel warranted in holding that the justice erred in overruling the question as put. The party having admitted in his answer that he did sign the subscription order "in a book," if there was any connection between the evidence sought to be elicited by this question and the alleged fraud by which the signature was obtained, it should have been made apparent, so that the magistrate might not be misled.

We are of the opinion that the record shows no substantial error, and that the judgment should be affirmed.