FREDERICK TUNELL *vs.* D. M. OSBORNE & Co.

December 29, 1883.

**Construction of Warranty on Sale of Self-binding Harvester.**—Upon the sale of a self-binding harvester, the vendor warranted the machine to be well built, and capable of cutting from 10 to 15 acres per day. The contract on the part of the vendor also provided that if the machine should in any way prove defective, and not work well, notice should be given to the vendor; and, if it could not then be made to do good work, "the defective part will be replaced or the machine taken back. Keeping the machine, * * * without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty." *Held,* that the warranty applied as well to the *binding* as the *cutting* part of the machine; and, the binder proving defective, and incapable of doing good work, the warranty was broken.

**Same—Remedy of Buyer.**—Under such a contract, the vendee, having given the required notice, and thereafter retaining the property, without offering to return it, may recover damages for breach of warranty.

Appeal by defendant (a corporation) from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial. The action was brought, in October, 1882, for breach of warranty on the sale of a self-binding harvester in July, 1878. The warranty is set forth in the opinion. In his complaint the plaintiff alleges that the machine was worthless for the purpose for which it was sold to him, whereby he was damaged in the sum of $300, for which he asks judgment. The defendant, in its answer, denies any breach of warranty, alleges that the plaintiff never returned or offered to return the machine, but has kept and used it ever since the purchase, and has paid the notes given for the price, ("except an amount due on the settlement hereinafter pleaded,") after full opportunity had for

ascertaining the character of the machine, and without making any objections to the machine or claiming any defects in it. The defendant further alleges an accounting and settlement between the parties, on September 1, 1879, of all matters arising out of the sale, and an agreement by plaintiff to pay the defendant $105, the amount found due on the accounting, no part of which has been paid. And as a counterclaim the defendant alleges a note for $105, with 7 per cent. interest, made by plaintiff to defendant (for the unpaid balance of the purchase-money) on September 1, 1879, which is past due and is unpaid. The jury found for plaintiff for $25 damages, over and above the amount of defendant's counterclaim.

*Gordon E. Cole*, for appellant.

By his neglect to return the machine the first year, the plaintiff forfeited all right to recover; and, in any event, under the contract, he must show an offer to return. Without that he cannot recover. If that is shown, he may either (1) keep the machine and recover the difference between its actual value and its value as warranted, or (2) return it and recover the price paid for it. *Osborne* v. *Flood*, 11 Bradwell, 408; *Myers* v. *Hay*, 3 Mo. 98; *Lucas* v. *Heaton*, 1 Ind. 264; *Lisk* v. *Sherman*, 25 Barb. 433; Sedgwick on Damages, (7th Ed.) 437.

*Lovely & Morgan*, for respondent, cited *Knoblauch* v. *Kronschnabel*, 18 Minn. 272, (300;) *Minn. Harvester Works* v. *Bonnallie*, 29 Minn. 373; *Mandel* v. *Buttles*, 21 Minn. 391; *Douglas Axe M'f'g. Co.* v. *Gardner*, 10 Cush. 88; *Day* v. *Pool*, 52 N. Y. 416.

DICKINSON, J. Prior to the harvest of 1878, the plaintiff purchased of the defendant a self-binding harvesting machine, known as the "Osborne Self-binder," for the agreed price of $310, $100 of which was paid at the time of the sale. As a part of the transaction the following warranty and agreement was executed by the defendant and delivered to the plaintiff:

"All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to

the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced or the machine taken back, and the payment of money or notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty.                                   D. M. OSBORNE & Co."

This action is for the recovery of damages for breach of the warranty. The defects relied upon were confined to the binding machinery, no other fault having been found in the machine. Upon the issues submitted to the jury, their verdict in favor of the plaintiff must be regarded as having established the fact that the binder was defective and incapable, although properly managed, of performing as required by the conditions of the warranty, if those conditions are to be construed as applying to the binding attachment. The verdict also determines that the plaintiff gave notice of the defects, as required by the terms of the agreement, and allowed opportunity to remedy them. He kept the machine and used it through several successive harvests, although he repeatedly complained of the defects to defendants' agents. He does not appear to have ever distinctly offered to return the machine, nor have the defendants ever offered to take it back. The grounds upon which the defendants rest their appeal are embraced in these three propositions: *First,* that there is no evidence that the defects were not in the management of the harvester, rather than in the machine itself; *second,* that the warranty had no application to the *binding* machinery; and, *third,* that the exclusive remedy of the plaintiff, prescribed by the contract for breach of the warranty, was that the property should be returned and the sale rescinded.

1. We will only say, as to the first point, that we find the conclusions of the jury, as to the defects in the binding apparatus, well sustained by the evidence.

2. The warranty was applicable to the machine, both as a reaper and binder. It appears to have been one complete machine, for the cutting and binding of grain, and that it was incapable of being used

as a mere harvester for binding by hand, although it might be converted into such a machine by the addition of other apparatus, which was not a part of this machine, nor sold with it. The sale and the contract of warranty were parts of one transaction, and the warranty must be deemed as made respecting that machine. To limit the warranty to that part of the machine which performed only the cutting of grain would be to disregard the intention of the parties, which is apparent when the contract is read in the light of the facts as to the general character and purposes of the machine. If there could be any doubt as to the extent of the warranty as determined by a construction of the first sentence of this instrument, standing alone, there can be none when the whole instrument is considered. Importance, in this respect, is to be attached to the terms, that if the machine should "in any way prove defective, and not work well," notice should be given to the vendor; if it could not be made "to do good work," the defective part would be replaced or the machine taken back; and "keeping the machine during harvest, * * * without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty." The last sentence indicates that the particulars in respect to which notice is required to be given were intended as a part of the warranty. The agreement embodies the undertaking that the machine shall work well and not be defective.

3. The plaintiff gave notice, as was required of him, of the defective operation of the machine, and allowed time for remedying it. No other affirmative act was required of him by the contract as a condition precedent to enforcing his rights under the warranty, by an action for damages for its breach. The warranty was an absolute obligation of the vendors respecting the quality and capacity of the machine. The sale was perfected, and the title of the property transferred, although the vendor promised, and assumed the obligation in favor of the vendee, to rescind the sale in the event specified. The contract did not obligate the *vendee* to return the property nor to rescind the sale. It does not provide that the sale *should* be rescinded upon the contingency specified; nor does it express any intention of the parties that the remedy to which the vendee might become entitled for a breach of the express warranty should be confined to rescinding

the sale. The vendee might insist upon the performance of the promise of the vendor to replace the defective part or to take back the property, or, at his election, he might waive it, and recover damages for the breach of the warranty. *Mandel* v. *Buttles*, 21 Minn. 391; *Douglass Axe M'f'g Co.* v. *Gardner*, 10 Cush. 88; *Aultman* v. *Theirer*, 34 Iowa, 272; *McCormick* v. *Dunville*, 36 Iowa, 645; *Seigworth* v. *Leffel*, 76 Pa. St. 476; *Perrine* v. *Serrell*, 30 N. J. Law, 454.

Order affirmed.