JOHN R. FLATT *vs.* D. M. OSBORNE & CO.

January 15, 1885.

Sale of Farm Machinery—Warranty—Custom.—Proof of a custom or
usage of the defendants and one other company in selling farm machinery
with a special form of warranty, *held* insufficient to bind a purchaser
without notice of such usage.

Same—Sale by Agent—Authority to Warrant—Presumption.—An
agent intrusted with farm machinery, to be sold by him in the usual
way, (no restrictions appearing,) is presumed .to be authorized to sell
with warranty.

Same—Stipulation in Warranty requiring Notice of Defect.—A stip-
ulation in a written warranty accompanying a sale, requiring the pur-
chaser, "on starting a machine, if it prove defective and fails to work
well," to give *prompt notice* to the agent, is *satisfied* if the agent, soon
after the sale, and upon its first trial, voluntarily inspects it and attempts
to put it in order.

Same—Evidence—Verdict.—Evidence *held* sufficient to support the ver-
dict.

Same—Damages.—The damages assessed by the jury in this case, though
they appear to be large, are not deemed so large as to justify this court
in overruling the judgment of the trial court in refusing a new trial for
such cause.

Plaintiff brought this action in the district court for Freeborn
county, to recover damages for breach of an oral warranty of a harvest-
ing machine, known as the Osborne self-binder, bought by him in July,
1878, for $270, from the defendant (a corporation of the state of New
York) through its agent at Northwood, Iowa, one Kenaston.. The
warranty alleged in the complaint was that the machine "was well
made, of good material, and would do good work in cutting and bind-
ing plaintiff's grain, and would cut and bind in a proper and suitable
manner, and in good shape, from 10 to 15 acres per day, and would
last as long and run as light as any other machine of a similar char-
acter in the market."

The defendant, in its answer, among other defences, denied the mak-

ing of the warranty alleged by plaintiff, and averred that he bought the machine subject to the following, and to no other or different warranty: "All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from 10 to 15 acres per day. If, on starting a machine, it should in any way prove defective and not work well, the purchaser shall give prompt notice to the agent from whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine taken back and the payment of money or notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty."

At the trial, before *Farmer*, J., in May, 1884, it appeared that the plaintiff had kept and used the machine until and during the harvest of 1883, and there was evidence that it failed to do good work, although attempts to make it do so had been made from time to time by defendant's agents and other persons. The exceptions taken are stated in the opinion. The jury returned a verdict of $320 for plaintiff. The defendant moved for a new trial for errors of law, for want of evidence to justify the verdict, and for excessive damages, and it appeals from an order denying the motion.

*Gordon E. Cole* and *G. D. Emery*, for appellant.

*Lovely & Morgan*, for respondent.

VANDERBURGH, J. In July, 1878, the plaintiff purchased of an agent of defendants a harvesting-machine known as the "Osborne Self-binder," which he alleges was accompanied with an oral warranty of its quality and capacity. The defendants were manufacturers, and the agent had control of the sale of their farm machinery for the vicinity. The making of such warranty is denied by the defendants, and they allege in their answer that the machine was purchased subject to a written warranty, which is set out therein, and is similar to the one which was construed by this court in *Tunell* v. *Osborne*, 31 Minn. 343. The plaintiff introduced, without objection, evidence tending to prove the alleged oral warranty. On the part of defendants, their agent testified that he sold the machine on trial,

"and if it did not do good work, and he [plaintiff] was not satisfied with it, he could return it;" that he remembered of "making no other warranty—might possibly have shown him a printed warranty;" and he did not remember of giving him one; and there is no evidence in the case that the plaintiff received or had actual notice of such printed warranty. The witness was, however, permitted to state that it was the custom of all the machine companies he ever did business for (which he admitted were the defendants and one other company only) to sell machines subject to their own printed warranty. The printed warranty, as set out in the answer, was therefore admitted in evidence, in connection with the contract between the agent and the defendants, defining his powers, and authorizing him to sell their machines within certain territory, he agreeing to perform the duties required of them by the terms of such warranty in case of sales. There was no other evidence given tending to prove the general custom of dealers.

1. The defendants claim that they were bound by the terms of such printed warranty only, and insist that this testimony of the witness was competent and proper evidence, to be considered by the jury, of a general and universal custom among machine companies to sell with a published printed warranty, and they accordingly asked the court to instruct the jury, in substance, that if they so found, then the company was not liable upon oral warranties by agents in excess of their authority; and if the agent was acting under a contract which defined or limited his authority as an agent for special and particular purposes only, the plaintiff was bound thereby, and defendant was not liable upon a contract of its agent in excess of such authority. Such instructions were properly refused by the court. The evidence of the usage of two companies within the knowledge of the witness— how long continued it did not appear—was insufficient to support a finding by the jury of a general usage or custom binding on the plaintiff, in the absence of evidence of any actual knowledge on the subject by him. *Winsor* v. *Dillaway*, 4 Met. 221; *Janney* v. *Boyd*, 30 Minn. 319; *Taylor* v. *Mueller*, 30 Minn. 343. The effect of such custom as a limitation upon the authority of the agent, is not, therefore, considered.

2. If the oral warranty relied on by plaintiff was established by the evidence, we see no reason why it should not bind the defendants. From their method of conducting their business through local agents, the authority of the latter to sell with warranty (no restrictions appearing) would be presumed. *McCormick* v. *Kelly,* 28 Minn. 135; *Deering* v. *Thom,* 29 Minn. 120. The court accordingly submitted to the jury to find whether the agent, on the sale of the machine, made the warranty charged in the complaint, or whether the sale was made under the printed warranty; and, in considering the conditions of the latter warranty, the court instructed the jury that, if the machine was found defective on starting, the plaintiff would be bound to notify the agent, but that the defendant could waive the notice by undertaking to make the repairs. In this there was no error. The agent saw the machine soon after it was set up, had notice of its condition, and attempted to put it in order; which attempt was subsequently repeated by persons representing the defendants from time to time. The conditions of the printed warranty were, in this respect, therefore, fulfilled, assuming they were binding on the plaintiff.

3. The objection to the plaintiff's evidence of the condition and working of the machine subsequent to the first year, considering also that it was still kept in use by him, went rather to its weight than competency. This question, as well as that of the care and skill exercised in its management by plaintiff, was for the jury. If the evidence of the plaintiff and his witnesses is to be believed, the machine worked badly from the first, and was intrinsically defective, and in need of frequent repairs. We cannot say, therefore, though the damages appear large and the jury have found the machine of little value, that the verdict is unsupported, or that the trial court erred in refusing a new trial for excessive damages. Had a new trial been granted on such grounds, we should, doubtless, have regarded it a proper exercise of discretion by that court; but in this court, where the strict legal rights of the parties are to be determined, it is not sufficient that in our view a different and perhaps better result might have been reached. *Massoth* v. *Delaware & Hudson Canal Co.,* 64 N. Y. 524, 531; *Karsen* v. *Milwaukee & St. P. Ry. Co.,* 29 Minn. 12.

Order affirmed.