KNUTE N. MELBY *vs.* D. M. OSBORNE & CO.

July 1, 1885.

Principal and Agent—Sale with Warranty by Agent—Liability of Principal.—Defendants were engaged in manufacturing and selling harvesting machines, and E. & H. were their agents to procure orders for the sale and delivery thereof with warranty. Blank orders containing such warranty were issued or authorized by the defendants and furnished to customers to fill up and sign and deliver to the agents. Plaintiff signed one of such orders, directed to E. & H., authorizing them to ship to him one of defendants' harvesters and binders, which he then agreed to receive under the terms of the warranty therein set forth, and to make payment therefor as therein stated, including the freight from the factory. The defendants thereupon filled the order and furnished the machine, and received and collected plaintiff's note therefor running to themselves. *Held,* that a contract must be deemed to have been completed between plaintiff and defendants on the delivery of the machine in pursuance

of the order, and that it was competent to show the agency of E. & H. in the premises, and the subsequent acts and dealings of the parties in pursuance of the order; and that the defendants were bound by the terms of the warranty. They could not accept the benefits of the contract and repudiate its obligations.

**Damages—Breach of Warranty—Cost of Repairs.**—Where it appeared by the evidence in chief of one of the plaintiff's witnesses that the machine in question was worthless, or nearly so, for practical use, because of defects in the binding attachment, *held* proper, on the cross-examination, to show the expense of changes and repairs reasonably practical to make the machine work with another binder, and also the value of such machine for such purpose.

**Evidence—Presumption as to Letters Sent and Received by Mail.**— Letters properly directed and duly mailed will be presumed to reach the person to whom directed in due course, and letters received in reply thereto, purporting to come from the person so addressed, will be presumed to be genuine until the contrary appears, and hence admissible in evidence.

Plaintiff brought this action in the district court for Douglas county, to recover damages for an alleged breach of warranty made by defendant (a corporation) on the sale of a harvester and binder. Defendant appeals from an order by *Collins, J.,* refusing a new trial, after a verdict for plaintiff.

*G. D. Emory,* for appellant.

*Nelson, Reynolds & Treat,* for respondent.

VANDERBURGH, J.    This action is for damages for breach of warranty of a harvesting machine, which was delivered to the plaintiff by defendants upon the following order made by plaintiff:

"*Earl & Hanson, Fergus, Minn.*—SIRS: You are hereby authorized to ship me at Ashby, on or before the 15th day of July, 1881, the following implement, viz., 1 Osborne H. & Binder, which I hereby agree to promptly receive under the following warranty, viz., that the said machine is of good material, properly constructed, and will do good work at all operations for which it is intended, with proper management. I will make payment for same as follows:  *  *  *  $300, total. I also agree to pay the freight on same from factory where made.                                                K. N. MELBY."

It appears that Earl & Hanson were the agents of the defendants in the sale of their harvesters and binders; that the latter acted upon the order, supplied the machine, and subsequently attempted to repair it, and also accepted and collected the note given therefor.

The order itself constituted no contract. *Warner* v. *Fischbach,* 29 Minn. 262. But the contract was completed and became mutually binding upon plaintiff and defendants upon the delivery of the machine in pursuance of the order and the acceptance of the plaintiff's note, which ran to them. It was entirely competent to show the agency of Earl & Hanson, and the subsequent acts and dealings of the parties in pursuance of the order. The presumption is that defendants understood the nature of the transaction and made it their own. They have accepted the benefits of the contract, and are bound by its conditions.

2. The plaintiff was entitled, therefore, to recover of defendants any damages shown to have resulted from the breach of warranty. His evidence in the case tended to show that, as a binder and harvester combined, the machine did not work well, because the binder was defective, and the plaintiff and his witnesses testified that the machine was substantially worthless. In the course of his examination one of the witnesses, having stated that the machine was worth nothing as a twine binder, on his cross-examination testified that the binder could be taken off; that the harvester part worked well, and was not defective; and that the price of the harvester was $175. The defendants thereupon sought to prove by him how much it would cost to make it a good hand-binding harvester, which evidence was ruled out as incompetent and immaterial; and the witness having further stated that it was practicable so to change it by adding tables and platforms, defendants' counsel thereupon also sought to show by him what would be the cost of adding the same so as to make a complete hand-binding harvester out of it, and also what was the value of the machine for such purpose, which was also rejected by the court.

The exceptions to these rulings we think should be sustained. The objection went to the testimony, not to the qualification of the witness to speak on the subject. The error was not cured by other evi-

dence in the case, and it may be presumed that the defendants were prejudiced. The jury were in danger of being misled upon the question of damages by the evidence in chief of this witness that the machine was worthless as a binder. *Osborne* v. *Marks, ante,* 56. Proper latitude should therefore have been given on the cross-examination to prove the condition and value of the harvester by itself, and also the cost of repairs or changes reasonably practicable so as to make the machine work with another binder, in order that its actual value might be better understood and estimated by the jury.

The letters received by plaintiff in due course of mail, and purporting to come from the defendants in answer to letters written by him, were presumptively genuine, and were properly received in evidence. His letters, duly mailed to them, are presumed to have reached their destination in due course, and those received by him purported to be written by or for them in response thereto. 2 Whart. Ev. § 1328; 1 Greenl. Ev. §§ 40, 573*a*.

Order reversed.