D. M. OSBORNE & Co. vs. GEORGE P. HUNTINGTON.

July 25, 1887.

Sale—Warranty—Damages.—Evidence considered as insufficient to sustain the verdict, as respects the measure of damages for breach of a warranty upon the sale of personal property.

The plaintiff (a corporation) brought this action upon two notes, each for $130, which had been given by the defendant for part of the purchase price of a harvesting-machine. The answer admitted the making of the notes, and set up as a counterclaim damages for breach of warranty made upon the sale of the machine. The action was tried in the district court for Faribault county, before *Severance, J.,* and a jury, and defendant had a verdict for $5. Plaintiff appeals from an order refusing a new trial.

*Russell, Emery & Reed*, for appellant.

*Benj. G. Reynolds*, for respondent.

DICKINSON, J.[1] This action is upon two notes given by the defendant to the plaintiff, August 30, 1881, for $130 each, as a part of the price of a self-binding harvester, which, as the evidence goes to show, the defendant had purchased from the plaintiff in the preceding July. The defendant, alleging a warranty of the machine and its breach, demanded the recoupment of damages therefor. The price of the machine was $325, and no question is made but that if it had been as represented it would have been worth that sum. It is apparent, from the verdict of the jury, that damages were assessed for the breach of warranty at the sum of about $265. In other words, the verdict is based upon a finding that the machine, by reason of its defects, was of no greater value than $60. The evidence was insufficient to justify the verdict. It satisfactorily appeared that the binding apparatus was seriously defective and worthless, but that no other fault was to be found with the machine. It is further reasonably apparent from the evidence that another binder could have been substi-

---

[1] Berry, J., because of illness, took no part in this case.

tuted for that which was attached to this machine, and the evidence also tended to show that it could have been converted into a hand-binding harvester; but what would have been the expense of making such change is not disclosed.

There was no other evidence of the value of the machine, as it was, than that of the defendant, who testified that "it was worth nothing;" and, again, "The harvester I consider no use without the binder." Taking his testimony together, only a part of which is here given, it shows that he does not know whether the necessary parts could be attached to this machine to make it a hand-binding harvester; but he supposes that another binder could be put on; that with such changes it might be a good harvester merely, or self-binder, according to the nature of the changes made; and that in testifying that it was worth nothing he did not consider or estimate its value with regard to these possible changes, or in other words, its actual value, but only its usefulness, or value for use, with the defective binding attachment. Such evidence affords no measure for the assessment of damages. *Osborne* v. *Marks*, 33 Minn. 56, (22 N. W. Rep. 1;) *Melby* v. *Osborne*, 33 Minn. 492, (24 N. W. Rep. 253.)

It seems probable that the jury put the construction above indicated upon the defendant's testimony, and allowed to the plaintiff what was deemed to be the value of the machine in view of the fact that it might have been made useful in the manner above referred to. But the difficulty is that while the machine was of some value, as the evidence went to show, and as the jury considered, yet there was no proof of what that value was; and the verdict fixing that value at $60 can be sustained upon no other theory than that the jury could determine from their own knowledge what this harvester, without fault in other respects, but with a worthless binding attachment, was worth. This was not a matter of common knowledge, and its determination, without evidence, was beyond the province of the jury. For this reason the verdict cannot stand. The burden was upon the defendant to prove his damages, by showing the real value of the machine.

There are various assignments of error, respecting the rulings and charge of the court, but, as a new trial must be granted for the reason above stated, it becomes unnecessary to refer to them particu-

larly, and we will only say that we think that in those respects there was no error.

Order reversed.