D. M. OSBORNE · & COMPANY *vs.* MARTIN CARPENTER and another.

July 29, 1887.

**Sale—Warranty of Harvester—Evidence of Value.**— Where damages are claimed by the purchaser of a harvester and binder, for an alleged breach of warranty whereby the seller warranted the binder to do as good work as other binders, evidence *held* to have been properly received showing a comparison between the work of other machines and the one in question.

**Same—Waiver of Defects.**—The execution of notes for a part of the purchase price subsequent to the delivery and trial of the machine is not a waiver of defects therein, where the seller, at the time of the execution of such notes, promised and agreed to repair it, and make it satisfy the terms of the warranty.

**Same—Evidence of Working of Harvester.**—Evidence of the working of the machine during several harvests was properly received to show its intrinsic defects, and that, after a thorough trial, it was not as warranted.

**Same—Damages—Evidence held Insufficient.**—Evidence *held* insufficient to sustain the verdict in respect to the amount of damages allowed. Where the defects complained of were in the binding attachment solely, and the harvester is admitted to work satisfactorily, and may be separated at a moderate expense, or supplied with a new binder, testimony that the machine, as a harvester and binder, was worthless, is insufficient to justify a finding fixing the value thereof at a sum different and much less than the undisputed evidence shows it to be fairly and reasonably worth as a harvester.

The plaintiff (a corporation) brought this action upon two promissory notes amounting to $175, made by the defendants. The answer admits the making of the notes, but alleges as a counterclaim that they were given in part-payment for a self-binding harvesting machine, sold by plaintiff to the defendants for the agreed price of $295, the balance of the purchase price being paid at the time of the sale; that the sale was made with a warranty by the plaintiff, through its agents, that the machine was well made, would do good work in cutting and binding defendant's grain, would do as good work as any self-binding harvesting-machine, and would cut and bind well and in proper and suitable manner from ten to fifteen acres per day; and that the machine was not as warranted in any of the above particulars, and was worthless. The action was tried in the district court for Faribault county, before *Severance*, J., and a jury, and the defendants had a verdict for $75. Plaintiff appeals from an order refusing a new trial.

*Russell, Emery & Reed*, for appellant.

*B. G. Reynolds*, for respondents.

VANDERBURGH, J.[1] The evidence in the case is sufficient to establish the finding of the jury that the plaintiff sold to the defendants, with warranty, a combined harvester and binder, in July, 1881, at the agreed price of $295; that the same was then delivered to them;

[1] Berry, J., because of illness, took no part in this case.

that they turned out in part-payment a second-hand harvester owned by them, for which they were allowed $125 on the purchase, and promised to give their notes for the balance, which were thereafter executed by them August 20th following, being the same on which this action was brought. The defendants set up breach of warranty, and a counterclaim for damages.

1. Assuming the evidence to be true, the execution of the notes, subsequent to the delivery and trial of the machine, was not a waiver of the defects complained of. The sale had already been completed. It was not apparent that the defects could not be remedied; and besides, at the time when the notes were issued, the plaintiff expressly promised to make the machine satisfy the terms of the warranty previously given at the sale.

2. It was not error, under the warranty as set up by the defendants, to allow evidence as to the working of the machine during subsequent harvests. The evidence tended to show that the plaintiff's agents from time to time promised and agreed to make it work well; that they were notified of the defects, and, during each year in question, attempted to repair it, and keep it in running order, but that it worked badly as a binder, and finally gave out altogether. And evidence was in any event entirely proper to go to the jury to show, upon a thorough trial, the intrinsic defects of the machine. *Osborne* v. *Marks*, 33 Minn. 56, (22 N. W. Rep. 1;) *Flatt* v. *Osborne*, 33 Minn. 98, (22 N. W. Rep. 440.)

3. Under the terms of the oral warranty, as set up by the defendants, they were not bound to rescind and return the property, but were entitled to retain it, and bring their action for the breach. *Tunell* v. *Osborne*, 31 Minn. 343, (17 N. W. Rep. 944;) *Mandel* v. *Buttles*, 21 Minn. 391.

4. Evidence of the working of other cord-binders was competent, because by the terms of the warranty the plaintiff warranted the machine to be well made, and to do just as good work as any self-binding harvester and cord-binder. The evidence showed very clearly that it did not. Indeed, the plaintiff's agents who sold the machine, and made the warranty, testified, from their own observation, that it was "a failure as a binder." There is no ground for any of the ex-

·ceptions to the charge of the court. It was a very clear and fair presentation of the case to the jury, and the legal propositions stated are unquestionably sound.

5. The only question of doubt in the case is in respect to the amount of damages allowed to the defendants by the jury. Upon this question we are unable to reconcile the verdict with the evidence. The warranty must be construed as broken presently after the contract was completed, and the damages are the difference between the machine as represented and as it then was. The verdict fixes its value when delivered, harvester and binder together, at $50. But it clearly appears from the evidence of defendants' own witnesses that the defect was in the binder only, and that the harvester, from which the binder could be separated, worked well; that the market price thereof, by itself, was *one hundred and eighty* dollars, and that $25 or $30 would have put it in order as a harvester. And there is nothing inconsistent with·this testimony in the case. It also appears that the binder could have been replaced with a new one, and that the cost of the same was $130 and freight. It is true that the defendants testify that the machine was of no value, but it is manifest that their evidence relates to its operation and usefulness as a binder, and they make no criticism of the harvester, which was new, and, for aught that appears, well made and of full value. And there was no other testimony as to its market value. The defendants could only recover such damages as they showed themselves entitled to for the breach of plaintiff's contract. In any view of the case, we think the amount of the verdict not warranted by the evidence. There should be a new trial on this ground.

Order reversed.