W. O. WYCKOFF and others *vs.* NELLIE HORAN.

November 22, 1888.

**Sale—Warranty—Damages.**—Evidence *held* sufficient to justify the findings.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, refusing a new trial, after trial by the court without a jury.

*C. E. Churchill* and *James O. Pierce*, for appellants.

*Culler & Ritchie*, for respondent.

MITCHELL, J. Action for balance due on purchase price of a Remington type-writer. The answer set up, as a counterclaim, damages for breach of warranty. The court assessed her damages at $70. The warranty was admitted in the reply, and a breach of it is sufficiently established by the evidence, so that the only question is whether the damages were excessive. The contention of appellants is that the evidence conclusively shows that the Remington type-writers are all made by machinery, each part being interchangeable in all machines of the same style; that the defects complained of in this machine applied only to particular parts, which could easily have been remedied by the substitution of new interchangeable parts in place of the defective ones, at a cost of not exceeding four or five dollars, and therefore the cost of thus replacing the defective parts was the proper

measure of defendant's damages. If the evidence had been as claimed, plaintiffs' contention as to the rule of damages would have been unquestionably correct. *Melby* v. *Osborne*, 33 Minn. 492, (24 N. W. Rep. 253;) *Osborne* v. *Huntington*, 37 Minn. 275, (33 N. W. Rep. 789;) *Osborne* v. *Carpenter*, 37 Minn. 331, (34 N. W. Rep. 163.) But in our judgment the evidence does not establish the assumed state of facts, certainly not indisputably. The defendant testified as to the defective manner in which the machine worked; that the keys stuck, that it would not align properly, etc., but did not assume to know or state what the precise cause of these defects was, except so far as told her by plaintiffs' agent. Two of plaintiffs' witnesses, after hearing defendant's evidence as to the defective working of the machine, testified in substance that, even if it was in the condition she stated, it could have been repaired at a trifling cost, not exceeding five dollars; but neither of them testified what particular parts it would have been necessary to replace in order to put the machine in repair. On the other hand, there is evidence tending to show that defendant had made frequent complaint to plaintiffs' agents that the machine did not work properly; that they frequently tried to fix it and failed; and that one of them finally told her that it could not be fixed. One of plaintiffs' own witnesses, moreover, placed the decrease in value by reason of the defects complained of at $25. In view of this evidence, the trial court was not bound to accept as true or conclusive the mere estimate of these two witnesses that the machine could have been repaired at a cost of five dollars, but was at liberty to accept as correct the estimate of value placed upon it by the defendant herself. The objection to the evidence of the witness Jones as to value, viz., "that he had not shown himself competent to tell the value of machines in that condition," is sufficiently covered by what is said in *Barnett* v. *St. Anthony Falls Water-Power Co.*, 33 Minn. 265, (22 N. W. Rep. 535.) Neither is there anything in the objection to the evidence of witness Arrowsmith.

Order affirmed.