C. A. BENSON v. PORT HURON ENGINE & THRESHER COMPANY.[1]

May 31, 1901.

Nos. 12,546—(127).

**Breach of Contract—Measure of Damages.**

> In an action by a purchaser to recover damages for a breach of warranty in the sale of a coal-burning engine with a straw-burning attachment, it appeared that the engine, as a coal burner, was a complete machine, irrespective of the straw-burner device. The measure of damages was the difference in value, for any purpose, between the engine delivered and the combination sold, had it been as warranted.

**Evidence of Value.**

> *Held*, that it was error to reject testimony tending to show the value of the engine independently of the straw-burning attachment.

Action in the district court for Goodhue county to recover $2,000 damages for breach of warranty in a contract of sale of a traction thresher engine. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for $755.37. From an order denying a motion for a new trial, defendant appealed. Reversed.

*E. H. Canfield*, for appellant.

*Albert Johnson*, for respondent.

LEWIS, J.

The plaintiff purchased from defendant a coal-burning traction engine, with a straw-burning attachment, at the agreed price of $1,750. The machine was warranted to be of first-class material, workmanship, and finish, and, if competently operated, was warranted to furnish as much power, and use as little fuel and water, as any other make of such engine in the world, all conditions being equal. This action is brought to recover damages for a breach of the warranty. A verdict was returned in favor of the plaintiff for the sum of $755.37, and defendant appeals from an order denying a motion for a new trial.

Of the forty-four assignments of error, we do not consider any

[1] Reported in 86 N. W. 327.

83 M.—21

of them sufficient to merit consideration, except those directed to the measure of damages. By these numerous assignments attention is called to certain rulings of the court, and the nature of the pleadings; but they are all of a technical nature, and the errors, if any, complained of did not tend to prejudice the determination of the case. It appears from the record that the machine purchased and delivered was a coal-burning engine, with a straw-burning attachment, and that, as a coal-burning engine, it was, in itself, complete, and capable of being used as such independently of the straw-burning attachment. Plaintiff tried the case upon the theory that he was entitled to prove the value of the machine as a combination, and hence if it should appear that the straw-burning attachment could not be used in connection with it, but proved useless as such, that the measure of damages was the difference in value between the engine with such straw-burning attachment in the condition in which it was found and its value as warranted. Granting that, in the first instance, plaintiff was entitled to show that the combination machine he bought was of no practical value, because, when adjusted with the straw-burning attachment, the engine would not burn straw, yet it does not follow that the measure of damages was limited to the combination of a straw-burning attachment alone.

In the course of the trial, defendant attempted to prove the value of the outfit for any purpose, conceding that attachment was defective. The court refused to receive this evidence. The case was directly within the principle established in Melby v. D. M. Osborne & Co., 33 Minn. 492, 24 N. W. 253. In that case the plaintiff was endeavoring to prove that a combination harvester and binder was of no value. It appeared that the harvester was in good condition, and only the binder defective, but by some changes could be turned into a hand-binding harvester; and it was held error to prevent the introduction of evidence to that effect. The principle here recognized is that if the defect in a machine is traceable to some detachable part, which may be replaced, irrespective of the whole, or which does not necessarily render the balance of the machine useless, then such facts may be proven, in order to establish the value of the machine for any purpose. This

case is clearly distinguishable from Wyckoff v. Horan, 39 Minn. 429, 40 N. W. 563, where the defect was not traceable to any particular detachable part, but was inherent in the principle of the construction of the machine' as a whole. In this case it was claimed that the error in refusing such testimony was cured because counsel for defendant asked his witness the following question: "Do you know what was the fair market value of this engine, together with the straw-burning attachment, in Cannon Falls and vicinity, in April, 1899?" The answer was: "$1,800." We do not consider this a waiver of the objections made in reference to the former testimony. This answer must be taken as going directly to contradict the testimony on the part of the plaintiff. By this answer defendant's witness was simply denying that there was any defect in the straw-burning attachment. The defendant should have been permitted to prove the value of the machine for any purpose, as tending to establish the proper measure of damages. Error was committed in rejecting the testimony referred to, and therefore a new trial must be granted.

With a view to a new trial, it will be proper to call attention to the fact that in this case we do not hold that the measure of damages was the difference in value between the straw-burning attachment as furnished and the one as warranted, as appellant appears to contend by the nature of the requests submitted at the trial.

Order reversed.