J. W. HARRIS AND ANOTHER v. SIMPLEX TRACTOR COMPANY.[1]

May 31, 1918.

No. 20,852.

**Action — joinder of causes — deceit and breach of warranty.**

1. A cause of action in deceit and a cause of action for breach of warranty may be united in the same complaint where both arise out of the same transaction.

**Question for jury.**

2. The evidence made the question as to whether the machine, or a detachable part thereof, was useful for any purpose a question for the jury.

**Evidence of defects in other machines of same make, admissible.**

3. Testimony that other similar machines of the same make developed the same imperfections was admissible to show that the fault was in the structural design and plan of the machine, and did not arise from defective detachable parts.

Action in the district court for Clay county to recover $702.26 for false representations in the sale of a tractor. The answer was a general denial. The case was tried before Jelley, J., who when plaintiffs rested denied defendant's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *A. M. Higgins,* for appellant.
*George S. Grimes,* for respondent.

TAYLOR, C.

Plaintiffs are dealers in farm implements. In 1914, defendant began manufacturing the Simplex Tractor, and the following spring sold one of them to plaintiffs. This machine was not a success. Alleging various representations and warranties upon which they had relied

[1] Reported in 167 N. W. 1045.

in making the purchase, that these representations and warranties were false and were known by defendant to be false when made and were made for the purpose of deceiving plaintiffs and did deceive them, and that the machine was worthless, plaintiffs sued for damages and recovered a verdict for the full amount paid for the machine. Defendant moved for a new trial and appealed from the order denying it.

The complaint and the evidence were sufficient to warrant a recovery upon the ground of deceit and also upon the ground of breach of warranty. After the evidence had been partly taken, defendant moved that plaintiffs be required to elect whether they would stand on the tort or the contract, and urges the denial of this motion as error. A cause of action in deceit and a cause of action for breach of warranty may be united in the same complaint where both arise out of the same transaction, and the ruling was correct. Humphrey v. Merriam. 37 Minn. 502, 35 N. W. 365.

Defendant insists that a verdict for damages in the full amount of the purchase price is not sustained by the evidence, and seeks to bring the case within the rule which is stated in Benson v. Port Huron. Engine & Thresher Co. 83 Minn. 321, 86 N. W. 327, as follows: "If the defect in a machine is traceable to some detachable part, which may be replaced, irrespective of the whole, or which does not necessarily render the balance of the machine useless, then such facts may be proven, in order to establish the value of the machine for any purpose." But the evidence on the part of plaintiffs tended to show that the fault was in the structural design and plan of the machine and could not be remedied by replacing detachable parts, and made the question as to whether the machine, or any part of it, was useful for any purpose a question for the jury. McCormick Harvesting Machine Co. v. McNicholas, 66 Minn. 384, 69 N. W. 36.

Defendant also insists that the court erred in admitting testimony that other machines of the same kind, made by defendant in the same manner, and put out the same season, developed the same imperfections. This evidence tended to show that the fault was in the structural design and plan of the machine, and did not arise from some defect peculiar to this particular machine which could be remedied by replacing defective parts, and the evidence was admissible for that

purpose. Frohreich v. Gammon, 28 Minn. 476, 11 N. W. 88; Paulson v. D. M. Osborne & Co. 35 Minn. 90, 27 N. W. 203.

We find no reversible errors in either the rulings or the charge. Order affirmed.