PEOPLES STATE BANK OF BUTTERFIELD v. B. RANDBY.[1]

February 29, 1924.

No. 23,880.

**Damages for breach of warranty of chattel.**
1. The measure of damages for breach of warranty of quality of personal property is the difference between the value at the time and place of the sale, if the article had been as warranted, and its value in its actual condition.

**Damages for breach of warranty of detachable parts.**
2. Where a second-hand farm tractor complied with a warranty except for carbon in the engine, obstructions in the fuel conduits, and

[1]Reported in 197 N. W. 265.

defects in the clutch and magneto, the two latter being detachable parts which can easily be replaced, the damages for breach of warranty consist only of the cost of renovation and repair necessary to remove the carbon; clean the fuel lines; replace the defective clutch, and readjust or replace the magneto.

**Application of rule of Uniform Sales Act.**

3. These items of damage are the only ones recoverable under the rule of the Uniform Sales Act (section 69 (6), chapter 465, Laws 1917), that the measure of damage for the breach of warranty of quality is the loss directly and naturally resulting from it in the ordinary course of events.

**Sole issue to be tried on new trial.**

4. The issues as to the warranty and a breach of it having been settled in favor of defendant by the jury, the new trial will concern only the amount of defendant's damage, that issue alone not having been properly submitted to the jury.

Action in the district court for Watonwan county to recover on a promissory note, and for attorney's fee. The answer set up a counterclaim for $600. The case was tried before Comstock, J., who denied plaintiff's motions for a directed verdict, and a jury which returned a verdict for defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Farmer & Tighe*, for appellant.

*J. L. Lobben*, for respondent.

STONE, J.

Action by the payee against the maker of a promissory note for $375. Defense, that the note was given in payment of a part of the purchase price of a farm tractor; that the machine was warranted; that there was a breach of the warranty; and that, in consequence, the tractor is worthless. Verdict for defendant and plaintiff appeals from the denial of its blended motion for judgment or a new trial.

Except as to the one issue with respect to which there must be a new trial, there is no occasion for examining the facts. That there

was a warranty that the machine was suitable for and would perform the work expected of it by defendant, a farmer, could have been fairly concluded by the jury from the evidence, which was conflicting.

It was also a conclusion, permissible from the evidence, that the warranty was breached to the extent that the machine, in order to be in the condition warranted, needed an overhauling and some new parts.

Evidently the fuel lines were clogged and the motor badly carbonized. They were cleaned and the evidence indicates that there was no further trouble from carbon or obstructed fuel conduits.

The clutch was defective, broke and was replaced by plaintiff. There was no further trouble on that score.

Taking defendant's case at its face value, there was no more difficulty with the machine, except some arising from the magneto. The old magneto, having become too temperamental, was replaced by a new one, which also failed to give the right kind of service. However, there was then nothing else wrong with the machine. Defendant's most competent witness, Mr. Larson, who is not contradicted, testified that if another magneto were put on, or the last one installed were repaired (adjusted?) "the machine would run all right."

The defendant has never returned or offered to return the machine to the vendor. Notwithstanding that the only remaining defect was in the magneto, the verdict was for defendant. Plaintiff was allowed no recovery.

The jury was not instructed that the measure of defendant's damages was the difference between the sound value of the machine at the time and place of sale, if its condition had been as warranted, and its value in its actual condition; interest, of course, to be added. Uniform Sales Act, chapter 465, p. 789, Laws 1917, § 69 (7); 1917 Supplement, § 6015.

Here, the proof for defendant himself makes it appear that such difference must consist only of the cost of renovation and repair necessary to remove the carbon, clean the fuel lines, replace the defective clutch and adjust or replace the magneto. Melby v. D. M.

Osborne & Co. 33 Minn. 492, 24 N. W. 253; D. M. Osborne & Co. v. Carpenter, 37 Minn. 331, 34 N. W. 163; Wyckoff v. Horan, 39 Minn. 429, 40 N. W. 563; Benson v. Port Huron E. & T. Co. 83 Minn. 321, 86 N. W. 327; Harris v. Simplex Tractor Co. 140 Minn. 278, 167 N. W. 1045

These items constitute the only "loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." That is the measure of damage under the Uniform Sales Act, Laws 1917, p. 789, chapter 465, § 69 (6); 1917 Supplement, § 6015.

We regret that there must be a new trial. But inasmuch as the warranty, and the breach of it, have been established to the satisfaction of two juries, there is no need for trying those questions again. The only issue remaining for settlement is that as to the damage suffered by defendant. It should be determined by reference to the measure of damages above indicated.

The order appealed from is reversed and the case remanded for a new trial upon the one issue last referred to.