## MARTHA SLEEPER AND ANOTHER v. MICHAEL ZEITER.[1]

November 29, 1929.

No. 27,574.

*William Stradtmann,* for appellant.
*Evan Hughes;* for respondents.

PER CURIAM.

Defendant appealed from an order denying his motion for a new trial.

Plantiffs sued to recover $1,000 for services and meals furnished. Defendant pleaded a counterclaim, seeking to recover $522 for house rent, use of a Ford car, and some provisions. The jury found for plaintiffs in the sum of $350.

The court stated to the jury that the "plaintiffs claim that * * * there was an agreement between them and the defendant" in relation to plaintiffs' alleged cause of action. This is assigned as error. It would seem that the recovery rested upon a contract implied in fact and that the

[1] Reported in 227 N. W. 662.

statement was substantially correct. If not, it did not relate to a controlling proposition of law and was in the nature of an inadvertence to which counsel did not direct the court's attention. There was no exception taken.

The court submitted to the jury the counterclaim in relation to rent but refused to submit to the jury the other claims made in the counterclaim. There was no proof of value of the use of the car and no proof of value of the provisions. The argument is advanced that the court should take judicial knowledge of such value. We cannot adopt that view. The questions of value were in the issues of the case, and it was for defendant to offer evidence thereof from which the jury might reach an intelligent conclusion. D. M. Osborne & Co. v. Huntington, 37 Minn. 275, 33 N. W. 789. Courts do not usually assume to know the value of particular personal property. 23 C. J. 166, § 1993. Courts may take notice of general rise or depression in real estate values. Such notice usually embraces matters of public concern which are known by all well informed persons. Merely to say there was a value is insufficient. It requires evidence to establish value of such personal property or the use thereof. Such a question is not of the character of which courts take judicial notice. 5 Wigmore, Ev. (2 ed.) §§ 2565-2583; 23 C. J. 58, § 1807.

Affirmed.