## HARRIS MACHINERY COMPANY v. O. F. HEINER AND ANOTHER.[1]

March 28, 1930.

No. 27,738.

*S. Harry Gainsley,* for appellant.
*Charles H. Richter,* for respondents.

HILTON, J.

Plaintiff appeals from an order denying its alternative motion for judgment non obstante or for a new trial.

Action to recover $301.57 and interest for balance claimed to be due for goods, wares, and merchandise sold and delivered to defendant. The original claim was for $1,869.47, upon which there had been admittedly paid $1,567.90, leaving the amount sued for.

[1]Reported in 230 N. W. 114.

Defendant in its answer disputed the correctness of plaintiff's claim and counterclaimed, asserting breach of warranty with consequential damages and asking for judgment for $899.49 and interest. The jury returned a verdict in defendant's favor for $181.

Plaintiff contends that the verdict was not justified by the evidence and was contrary to law. Error is also assigned on the admission and rejection of evidence, the giving of certain instructions to the jury, and the failure to give other instructions.

Plaintiff is a Minnesota corporation engaged in the business of selling second-hand machinery of the kind here involved. Defendant is a partnership formed for the purpose of engaging in the granite and granite-cutting business. Its members had previous experience as stonecutters. They had secured land containing granite, made arrangements for the disposition of their output, and decided to purchase machinery for use in that business. They interviewed plaintiff, explaining what was wanted. A list was prepared which included a second-hand crude oil engine, gasolene engine, air compressor, storage tank, and other necessary fittings, tools, etc. The machinery was then in the process of being overhauled and repaired. There was an express warranty that the property furnished would be in first-class condition. It was also claimed by defendant, and sufficient proof offered to that effect, that plaintiff warranted that the property furnished would be reasonably fit for the purpose intended and that reliance was placed thereon. G. S. 1923 (2 Mason, 1927) § 8390 (1).

The court submitted three forms of verdicts, one of which was to be used by the jury if it found any amount for loss of profits as claimed by defendant. No allowance was made by the jury therefor, this form of verdict not being used. The court submitted to the jury the question of loss of profits, properly instructing as to the kind of proof necessary to establish the same. An examination of the record does not disclose that plaintiff was in any way prejudiced by the admission of the evidence relative to or by the submission of the question of loss of profits to the jury.

The claim is made by plaintiff that there was a lack of evidence proving the difference between the value of the property at the time

of delivery to the buyer and the value it would have had if conformable to the warranty. This claim is groundless. The evidence shows what was necessarily done by defendant in putting the property in workable condition; the amount expended in repairing it and in securing necessary new units and parts. Such expenditures were properly considered in establishing the damages resulting from the breach of warranty. D. M. Osborne & Co. v. Carpenter, 37 Minn. 331, 34 N. W. 163; D. M. Osborne & Co. v. Huntington, 37 Minn. 275, 33 N. W. 789; Peoples State Bank v. Randby, 158 Minn. 309, 197 N. W. 265; G. S. 1923 (2 Mason, 1927) § 8443(6); 5 Dunnell, Minn. Dig. (2 ed.) § 8624, and cases cited.

The amount of defendant's verdict is less than the difference between its proved necessary cash expenditures above referred to (with other admissible deductions) and the amount sued for by plaintiff. A detailed statement of the evidence supporting the verdict would serve no useful purpose. We have considered all the assignments of error and find no ground for reversal.

Affirmed.