## WOCHOSKA vs. WOCHOSKA and another.

MORTGAGE: HUSBAND AND WIFE: HOMESTEAD. *(1, 2) Mortgage of homestead, by husband to wife, without her signature.*
PLEADING: PROMISSORY NOTE. *(3) What a sufficient averment of delivery.*

1. A mortgage of land by husband to wife to secure the repayment of moneys loaned to him by the wife from her separate estate, *held* a valid security as against the husband and a subsequent incumbrancer. *Putnam v. Bicknell*, 18 Wis., 333.
2. The fact that the wife did not execute such mortgage to herself, which was of premises then constituting the homestead of the parties (subsequently divorced), does not render it invalid. *Riehl v. Bingenheimer*, 28 Wis., 84.
3. An averment and finding that plaintiff *made* and *executed* his note, whereby he *promised*, etc., *held* a sufficient averment and finding of *delivery;* and a further averment that, after its execution, the note was left in the maker's hands, *held* not to rebut the inference of delivery.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to foreclose a mortgage of real estate, alleged to have been executed by the defendant *Wochoska* to the plaintiff to secure the payment of his promissory note, made and executed to her, for $200 and interest. The defendant *Shimek* is alleged to be a subsequent incumbrancer of the mortgaged premises. The complaint contains the averments usually found in complaints in foreclosure actions, with the further statement that when the note and mortgage were executed the defendant *Wochoska* and the plaintiff were husband and wife, but were duly divorced from the bond of matrimony, at the suit of the wife, before this action was commenced; that the consideration for the note was money loaned by the plaintiff to her then hus-

band, which money was her sole and separate property; and that the note, after it was executed, was left in possession of the husband, who refuses to surrender it to the plaintiff.

The defendant *Wochoska* answered, denying the execution of the alleged note and mortgage, and averring that the alleged mortgaged premises were, at the time it is claimed the mortgage was executed, the homestead of him and his wife. The answer contains other defenses, but they have no significance on this appeal.

The evidence has not been preserved. After trial, the court found that the defendant *Wochoska* made the note, and executed under his hand and seal, and delivered to the plaintiff, the mortgage described in the complaint; that the mortgage was duly attested, and recorded in the proper office; that the defendant *Wochoska* and the plaintiff were then husband and wife, but were afterwards divorced as stated in the complaint; that the note and mortgage were given for money loaned by the plaintiff to her husband, such money being her sole and separate property; that the mortgaged premises were purchased with the money so loaned, as a homestead, and were the homestead of the defendant *Wochoska* and the plaintiff when the mortgage was executed; that no part of the debt secured by the mortgage has been paid; and that the defendant *Shimek* is a subsequent incumbrancer.

The conclusion of law from these facts was, that the mortgage is void for the reason that it was upon the homestead of the defendant *Wochoska*, "who was, at the time of executing the same, a married man, and such mortgage was not signed by his wife."

Pursuant to such conclusion of law, judgment for the defendants was duly entered dismissing the complaint, with costs; from which judgment the plaintiff appealed.

For the appellant, there was a brief by *Nash & Schmitz*, and oral argument by *Mr. Nash.* They contended, among other things, 1. That a deed or mortgage direct from husband to wife is good in equity. *Putnam v. Bicknell,* 18 Wis., 333; *Hannan v. Oxley,* 23 id., 519; *Beard v. Dedolph,* 29 id., 141;

*Worthington v. Hanna*, 23 Mich., 530; *Goodrich v. Munger*, 30 Iowa, 343. 2. That the mortgage was not void for want of the wife's signature. *Riehl v. Bingenheimer*, 28 Wis., 84. 3. That the averment and finding were sufficient, without an express statement therein that the note was *delivered*. *Churchill v. Gardner*, 7 Term, 596; *Binney v. Plumley*, 5 Vt., 500; *Chamberlain v. Hopps*, 8 id., 94; *Prindle v. Caruthers*, 15 N. Y., 425; *Keteltas v. Myers*, 19 id., 231; 1 Daniel on Neg. Inst., § 63.

For the respondents, there was a brief signed by *J. S. Anderson*, of counsel, with *Henry Sibree*, their attorney, and oral argument by *Mr. Anderson*. They contended, among other things, 1. That the mortgage, as made directly by husband to wife, was void at common law, and not aided by the Married Woman's Act (Tay. Stats., 1195, sec. 3; *Rawson v. R. R. Co.*, 2 Abb. Pr., N. S., 221; *Savage v. O'Neil*, 42 Barb., 379; *Meeker v. Wright*, 11 Hun, 535; *White v. Wager*, 25 N. Y., 328; *Bennett v. Child*, 19 Wis., 362; *Pike v. Miles*, 23 id., 171); and that it is against public policy, and wholly incompatible with the relation of husband and wife, to permit the wife to give a mortgage of their homestead, so that, in an action by her during the coverture, it may be reduced to her sole possession, or, in an action by her assignee, both husband and wife may be deprived of the homestead. 2. That the mortgage was void for lack of the wife's signature. Tay. Stats., ch. 134, § 28. The character of the property as a homestead of the family cannot be divested by separate deeds of the husband and wife, but only by a deed which is the joint act of both. *Dorsey v. McFarland*, 7 Cal., 342; *Revalk v. Kræmer*, 8 id., 66; *Van Reynegan v. Revalk*, id., 75; *Cook v. Klink*, id., 347; *Luther v. Drake*, 21 Iowa, 92; *Howe v. Adams*, 28 Vt., 544. It has been held that a mortgage given as this was, does not create a separate estate, and has no further effect than if given to a stranger. *Terry v. Wilson*, 63 Mo., 493; *Cheatham v. Hess*, 2 Tenn. Ch., 763. Death of husband or wife, or their divorce, does not destroy the homestead character of the premises, where they are held and used

as a homestead by the one to whom they are decreed. *Redfern v. Redfern*, 38 Ill., 509; *Burns v. Keas*, 21 Iowa, 257; *Woods v. Davis*, 34 id., 264; *Doyle v. Coburn*, 6 Allen, 71.

3. That no delivery of the note was alleged or proven or found, and the complaint in effect admits that it was not delivered.

LYON, J. The record does not contain the evidence, and the judgment is supported by the conclusion of law. Hence, if the learned circuit judge drew the correct conclusion from the facts found by him, the judgment cannot be disturbed. That this would be a valid mortgage had not the mortgaged premises been the homestead of the mortgagor and his wife, the plaintiff, even though they had not been subsequently divorced, cannot be doubted. The case would then be within the rule laid down in *Putnam v. Bicknell*, 18 Wis., 333.

The question is, whether the fact that when the mortgage was executed the premises mortgaged constituted such homestead, invalidates the mortgage. That question is answered in the negative by the decision of this court in *Riehl v. Bingenheimer*, 28 Wis., 84. It was there held that the statute which enacts that any mortgage or other alienation of a homestead by the owner thereof, if a married man, shall be void without the signature of the wife (Laws of 1867, ch. 172; Tay. Stats., 1549, § 28), has no application to a conveyance of a homestead by a husband to his wife. We all think that case was decided correctly.

It is claimed by the learned counsel for the defendants, that there is no sufficient averment in the complaint that the note described therein was delivered to the plaintiff, and no finding that it was so delivered. The complaint avers that the defendant *Wochoska* did *make* and *execute* the note, whereby he *promised* to pay the plaintiff, etc.; and the court found substantially that the averment is true. Without delivery, there could not be a making or execution of the note, or a promise to pay the sum named in it. Hence, by necessary inference, the complaint alleges and the court found a delivery of the note to the plaintiff. The statement in the

complaint that after its execution the note was left in the possession of the maker, does not rebut the inference of due delivery thereof to the payee; for certainly the holder of a note may leave it in the hands of the maker, for convenience or safe-keeping, without thereby cancelling the note, or destroying the effect of the original delivery thereof to the payee.

We think the conclusion of law from the facts found by the court should have been, that the plaintiff is entitled to the relief demanded in the complaint.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings according to law.

