HERBERT W. TOPPING v. ODIN G. CLAY.[1]

June 29, 1896.

Nos. 10,017—(179).

**Action on Note—Pleading—Delivery.**

In a complaint in an action brought upon a promissory note, wherein it is alleged that defendant made, executed, and delivered the note in question, whereby he promised to pay a specified sum of money to a certain payee therein named, it is unnecessary to allege that the note was delivered to such payee.

**Same—Assignment.**

An allegation that, in writing, and prior to the commencement of the action, said note had been duly assigned and transferred to the plaintiff, and that he has ever since been the holder thereof, is a sufficient allegation that it has been assigned and transferred by the payee named therein.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., overruling a demurrer to the amended complaint. Affirmed.

*John F. Fitzpatrick*, for appellant.

*S. L. Howell*, for respondent.

COLLINS, J. It would seem that there should be no great difficulty in properly preparing a complaint in an action brought on a promissory note; but to the original complaint herein defendant's counsel successfully demurred, on the ground that it failed to state facts sufficient to constitute a cause of action, 62 Minn. 3, 63 N. W. 1038; and, when plaintiff subsequently amended the defective pleading, counsel again demurred, on the same ground. While we are of the opinion that the demurrer was not well taken, it is proper to say that the method of setting forth so simple a cause of action adopt-

[1] Reported in 68 N. W. 34.

ed by counsel is not to be commended, and that, by the exercise of slight care, he could easily have avoided the annoyance and delay caused by the interposition of the demurrer.

1. It was not alleged that the note was delivered to the payee therein named. As it was averred that defendant made, executed, and delivered the note in question, whereby he promised to pay a certain sum of money to the order of Joseph P. Topping, the further allegation that it was delivered to Topping was unnecessary. Peets v. Bratt, 6 Barb. 662; Wochoska v. Wochoska, 45 Wis. 423; Churchill v. Gardner, 7 Term R. 596.

2. There was no allegation in words that the note had been indorsed, assigned, or transferred by the payee to plaintiff. The allegation was that, in writing, and before the commencement of the action, the note had been duly assigned and transferred to the plaintiff, and that he has ever since been, and now is, the holder thereof. It could not have been duly assigned and transferred except in the regular and proper way. It could not have been duly assigned and transferred by any one but the payee. So that the averment that it was duly assigned and transferred to plaintiff, and that he had ever since been its holder, included, of necessity, the allegation that it had been so assigned and transferred by the only person who could assign and transfer it,—the payee. Although not directly in point, we call attention to State of Wisconsin v. Torinus, 22 Minn. 272.

Order affirmed.