### UNITED STATES v. ATLANTA WRECKING CO.

(District Court, N. D. Georgia. June 8, 1925.)

#### No. 718.

1. **Auctions and auctioneers ⬗8—Caveat emptor applicable.**

The general rule at a public sale is caveat emptor, which as respects authority to sell is particularly applicable to sales of public property.

2. **Auctions and auctioneers ⬗8—Purchaser of government goods held bound by unread, published terms of sale.**

Where published terms of auction sale of surplus property of the United States under Act Cong. July 9, 1918 (Comp. St. Ann. Supp. 1919, § 6941aa), specifically declared that all property was sold "as is" and "where is," and that sales were not by sample, held, purchaser of lot of tent poles, two only of which were exhibited by auctioneer, was bound by the published terms, though not read, and was liable on his check given in part payment, which published terms declared should be retained as liquidated damages for breach of contract of purchase, though poles on inspection proved practically worthless.

At Law. Action by the United States against the Atlanta Wrecking Company. Judgment for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

A. E. Wilson, of Atlanta, Ga., for defendant.

SIBLEY, District Judge. This case was submitted for trial to the judge without a jury, on a stipulation that the court make special findings on the issues raised. I find the facts to be as follows:

Under authority of the Act of Congress approved July 9, 1918, 40 Stat. 850 (Comp. St. Ann. Supp. 1919, § 6941aa), Roy M. Hern, of the Quartermaster's Corps, as Surplus Property Control Officer, advertised by public circulars a sale of surplus property of the United States at Camp McClellan, Ala., on June 26, 1922. Among the conditions and terms of sale as advertised were these:

"The property listed for sale in this catalogue will be open for inspection one week prior to sale during which time prospective buyers have an opportunity to examine such property, and failure on the part of any purchaser to inspect any property will not be considered as grounds for any claim for adjustment or rescission.

"All property listed in this catalogue at said auction will be sold 'as is' and 'where is,' without warranty or guaranty as to quality, character, condition, size, weight, or kind, or that the same is in condition or fit to be used for the purpose for which it was originally intended, and no claim for any allowance upon any of the grounds aforesaid will be considered after the property is knocked down to a bidder by the auctioneer.

"No representative of the government is authorized to make any statement or representation as to quality, character, condition, size, weight, or kind of any property offered at this sale, and any representation or statement made by any representative of the government concerning any such property will not be binding on the government, or considered as grounds for any claim of adjustment or rescission of any sale."

"While samples of the property are be-

lieved to be representative, and will be exhibited at the time of the sale, prospective buyers are asked to make an inspection of the property at its place of storage prior to the sale. This is specially enjoined, owing to the fact that the government will not entertain claims of any nature whatsoever, should the property bought not come up to the standard of the sample or the expectations of the purchaser in any particular whatsoever. Purchasers are again informed that the property is sold 'as is' and 'where is,' f. o. b. cars or purchaser's truck at place of storage."

At the sale the agent of the defendant appeared, knowing that the sale was occurring under circular advertisement as usual, but had not read the circular applying to this particular sale. The sale was conducted by an officer other than Roy W. Hern. At the sale two tent poles were exhibited as samples, with the statement that they were samples of the goods being offered. A bid was made by the defendant, and a check, not certified, was put up for $127.73, payable to Finance Officer, Atlanta, and later indorsed by Roy W. Hern in his official character. This check was to confirm the sale, and to be treated as a liquidation of damages if the purchase were not carried out by the purchaser under the advertised terms. The poles exhibited as a sample were sound and in fair condition. After the purchase had been confirmed by Roy W. Hern, in Atlanta, the bulk of the goods bought were inspected by the purchaser and found to be in a damaged and rotting condition, and almost entirely worthless. They were rejected, and payment of the check stopped on this ground. The matter was duly audited in the General Accounting Office, and a finding in favor of the government made for $127.73, with interest from the date of the sale, as liquidated damages, a certificate whereof was introduced in evidence.

### Findings of Law.

Upon these facts I hold the law to be as follows:

[1] The act of Congress authorized the President, through the head of any executive department, "to sell upon such terms as the head of such department should deem expedient" any surplus war supplies and material. Purchasers at a sale thereunder were thus notified that the terms of sale were to be fixed by the head of an executive department, and not by a subordinate officer, who might be acting as auctioneer. The general rule at a public sale is "caveat emptor." This rule, as respects the authority of persons selling, is particularly applicable to sales of public property. I hold that the defendant was bound by the law to know, at his peril, the authority of the auctioneer. He did know that the sale was being conducted under published terms and was bound by the contents of the publication, although he may not have read it.

[2] The published terms quoted in the findings of fact were explicit that no authority existed in any person conducting the sale to depart from the terms therein prescribed, and were also explicit that the purchaser must depend on his own inspection as to quality and condition, and that the samples exhibited were not in any wise to be considered as warranties, or to involve any covenant that the goods equaled the samples. There is no claim of any intentional deceit in this suit, but only a claim that the sale was one by sample, and that the goods tendered for delivery did not correspond to the sample. This defense I find to be unavailable, in that the sale was not one by sample. The check, on refusal of the purchaser to accept the goods "as is" and "where is," became, under the terms of the sale, a liquidation of damages for breach of the contract of purchase. The stoppage of its payment was therefore improper, and the maker of the check is liable upon it in this suit for its face and interest.

Judgment is accordingly awarded in favor of the United States against the Atlanta Wrecking Company for $127.73, with interest thereon at 7 per cent. from June 6, 1922.