MARVICK et al, Respondents, v. KNIGHT, Appellant.

(212 N. W. 866.)

(File No. 5900.   Opinion filed April 1, 1927.)

1.   **Bills and Notes—Mere Allegation that Note Was Assigned to Plaintiffs Held Insufficient, in Absence of Showing Manner of Transfer, Possession or Ownership, or that Assignment Was from Payee.**

   No recovery could be had in action on note by transferees on mere allegation that note was duly assigned and transferred to plaintiffs without showing transfer was by payee, manner of transfer, or that plaintiffs had title to or possession of note sued on.

2.   **Bills and Notes—Facts Showing Right or Title of One Other Than Payee Suing on Note Must Be Alleged.**

   In action on note by one other than payee, it is necessary to allege facts showing plaintiff's title or right to sue.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Bills and notes, Key-No. 467(2), 8 C. J. Sec. 1161; **(2)** Bills and notes, Key-No. 467(1), 8 C. J. Sec. 1160.

Appeal from Circuit Court, Roberts County; HON. J. J. BATTERTON, Judge.

Action by Andrew Marvick and others, as trustees for the creditors of the Citizens' National Bank of Sisseton, against H. M. Knight, also known as Hal M. Knight. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*Babcock & Babcock,* of Sisseton, for Appellant.
*Jorgenson & Anderberg,* of Sisseton, for Respondents.

MISER, C.   This appeal is from an order overruling a demurrer to a complaint, the grounds of demurrer being: First, that the plaintiffs have not legal capacity to sue; second, that there is a defect of parties plaintiff; third, that said complaint does not state facts sufficient to constitute a cause of action. The complaint is as follows:

"(1)   That the plaintiffs herein, prior to the commencement of this action, were by the creditors of the Citizens' National Bank of Sisseton, S. D., appointed as the trustees of said creditors for the purpose, among other things, of collecting all accounts due said Citizens' National Bank on behalf of said creditors; that said

plaintiffs have duly accepted said trusteeship and are now acting on behalf of the said creditors of said bank.

"(2) That heretofore and on the 2d day of January, 1924, the defendant, for value received, made, executed, and delivered to the Citizens' National Bank of Sisseton, S. D., his certain promissory note, wherein and whereby he promised and agreed to pay to the said Citizens' National Bank of Sisseton, S. D., on the 2d day of April, 1924, the sum of $4,130, with interest thereon at the rate of 10 per cent from date until paid.

"(3) That the defendant has failed, refused, and neglected to pay said note or any part thereof, although often requested so to do.

"(4) That there is now due and owing on the said note from the said defendant, to the plaintiffs herein, as trustees, the sum of $4,130, with interest thereon at 10 per cent per annum since the 2d day of January, 1924.

"(5) That prior to the commencement of this action the said note was duly assigned and transferred to the plaintiffs herein, as trustees of the creditors of said Citizens' National Bank of Sisseton, S. D."

[1, 2] Irrespective of whether or not there has been, in this complaint, a sufficient allegation by the plaintiffs of their representative character, the facts showing the trust relation, the circumstances of their appointment, and the powers with which they are vested, as the rules of pleading demand (39 Cyc. 458), the complaint was insufficient, and the demurrer should have been sustained, for the reason that there is not contained within the complaint any sufficient allegation of indorsement of a negotiable instrument or assignment of a nonnegotiable instrument by the payee named therein. Even though said complaint had sufficiently stated facts showing plaintiff's representative character and trust relation, by what words is the gap in the chain of title between the payee bank and the plaintiff trustees bridged? Throughout this complaint, plaintiffs have avoided saying that they are the present holders of said note, or that said note was indorsed by the payee in writing, or assigned by the payee in writing, or delivered by the payee, or that the plaintiffs are now in the possession of said note. In an action by one other than payee, it is necessary to allege facts showing plaintiff's title or right to sue.

"If there has been a transfer by indorsement, or the instrument can be transferred only by indorsement, the indorsement is a substantial fact which must be alleged. If the transfer has been other than by indorsement, the complaint must aver the assignment or contain some other allegation to show plaintiff's ownership." 8 C. J. 886.

It will be observed that the complaint does not state that the note was made payable to order; nor is the note set out in hæc verbæ, so that if it were payable to order that fact might be ascertained. While no useful purpose will be served, so far as the present appeal is concerned, by speculating upon whether title in the plaintiff has been sufficiently alleged in the plaintiff had negotiability of the note also been alleged, in order to avoid a repetition of error upon amendment of the pleading, we have made a rather extended search of authorities on the sufficiency of allegations as to indorsement, assignment, and ownership; yet we have only found one case where the words "duly assigned and transferred" have been interpeted to mean "duly assigned and transferred by the payee," and, in that case, the allegation was strengthened by the allegation that the plaintiff "has ever since been and now is the holder thereof," and the further allegation that such assignment was in writing. The court also said:

"While we are of the opinion that the demurrer was not well taken, it is proper to say that the method of setting forth so simple a cause of action adopted by counsel is not to be commended; and that, by the exercise of slight care, he could easily have avoided the annoyance and delay caused by the interposition of the demurrer." Topping v. Clay, 65 Minn. 346; 68 N. W. 34.

This court has said:

"The omission to state a fact in the complaint material to the plaintiff's right to recover cannot be supplied by intendment, unless it is a fact of which the court will take judicial notice, or other facts are stated that necessarily imply the existence of the fact omitted." Andrews v. Wynn, 4 S. D. 40, 45, 54 N. W. 1047, 1048.

Under the title "Bills and Notes," in Corpus Juris, we find that the rule that, in an action upon a note payable to another than plaintiff, it is necessary to allege facts showing plaintiff's title or right to sue, applies equally well to actions on nonnegotiable in-

struments; and while, in an action on nonnegotiable paper, an allegation of indorsement and delivery or that plaintiff is the owner and holder has been held sufficient for this purpose without a more formal averment (8 C. J. 1889), in the complaint which is before us, so far as the title of the plaintiffs is concerned, we find no allegation of either indorsement or delivery or that plaintiffs are the owners and holders. Has this note been indorsed or delivered or assigned by the payee? Was its transfer before or after maturity? If assigned by the payee, was that assignment oral or in writing? Do plaintiffs now have said note in their possession, so that, upon payment by defendant, they might deliver it to defendant? Do plaintiffs now have legal title to said note, so that defendants would be protected in payment to them? One looks in vain to this complaint for an answer to these questions, and, while it is sufficient to allege facts as to the transfer from which the title of plaintiffs can be deduced, so that the law does not require any particular words to be used, we find no authority which permits us to hold that the language used in this complaint is a sufficient allegation of transfer from the payee named in this note to the parties suing thereon.

The order overruling the demurrer is reversed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.