GRAY, Respondent, v. GURNEY SEED & NURSERY CO.,
Appellant.

(231 N. W. 940.)

(File No. 6907. Opinion filed September 2, 1930.)

*Clark & Wyman,* of Yankton, for Appellant.

*Warren & Lloyd,* of Flandreau, *H. A. Doyle,* of Yankton, and *Daly & Barnard,* of Renville, Minn., for Respondent.

BROWN, P. J. Appeal from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The plaintiff alleges in substance that he is a farmer residing in Kandiyohi county, Minn.; that in the spring of 1927 he received through the mail a catalogue issued and distributed by defendant for the purpose of inducing prospective purchasers to buy seed corn; that the catalogue described a variety of seed corn as follows: "De Wolf's Extra Prolific Seed Corn. This corn matures well to the northern part of South Dakota, and can be grown in the same district as Minnesota 13, but will outyield it. In 1920 it produced one hundred fifteen bushels of ear corn to the acre in the seed trial grounds. We claim that it will outyield any variety that will mature in the same time on the same ground." That plaintiff believing said statements purchased from defendant fifteen bushels of seed corn for seed purposes, and planted one hundred and five acres therewith; that the quoted statements were false and known to defendant to be false, and were made for the purpose of obtaining buyers for the seed corn; that plaintiff paid defendant for the corn $97.50, for which amount he demands judgment.

The complaint further alleges that in connection with said seed corn plaintiff planted a variety of corn known as Minnesota 13, and another variety known as Russell Dent, and that the last-named corn matured and yielded fifty bushels per acre of marketable corn; that the De Wolf's Extra Prolific purchased from defendant was planted in a rich soil, well prepared, and given proper attention, but failed entirely to mature, was soft and worthless, and that not more than five bushels per acre was of any value, and that it was worth not to exceed the sum of 45 cents a bushel; that had it been as warranted it would have yielded fifty bushels to the acre and it would have been worth 55 cents a bushel; that the corn sold by defendant to plaintiff "was wholly unfit and unsuited for the latitude in which this farm was situated, which latitude was far south of the north boundary line of South Dakota," and by reason of the wrongful representations and warranties upon

which plaintiff relied he was damaged in the sum of $2,750, for which sum in addition to the $97.50 he demands judgment.

■ ■ Appellant contends that there is nothing in the language we have quoted from the catalogue that can be regarded as a warranty. We think there is. The Uniform Sales Act, Laws 1921, c. 355, § 12, says that: "Any affirmation of fact or any promise by the seller, relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods, relying thereon." We think under this definition the quotation from the catalogue expressly warrants (a) that the corn matures well to the northern part of South Dakota; (b) that it can be grown in the same district as Minnesota 13; (c) that it will outyield Minnesota 13. The claim that it will outyield any variety that will mature in the same time on the same ground purports to be a statement of the seller's opinion only and does not constitute a warranty.

It will be observed that in the complaint nothing is said about the time when the corn was planted, nor is it even said that the corn was planted on plaintiff's farm, nor that the place where it was planted was south of the north line of South Dakota. It is not even directly alleged that the fifteen bushels of seed corn purchased from defendant was De Wolf's Extra Prolific. It is alleged that the corn sold by defendant to plaintiff was wholly unfit and unsuited for the latitude in which "this farm" is situated, which latitude is far south of the north boundary line of South Dakota, but it is not alleged that this farm was plaintiff's farm in Kandiyohi county, nor is it alleged that the seed corn was planted on "this farm." All of these matters are left to inference or presumption. The allegation "that in connection with said seed corn plaintiff planted a variety of corn known as Minnesota 13, and another variety known as Russell Dent and that said *last-named corn* matured and yielded fifty bushels per acre," is an allegation—giving to words their ordinary meaning—that the Russell Dent yielded 50 bushels per acre, but is silent as to the yield of Minnesota 13.

■ Respondent asks us to sustain the complaint by indulging the presumption that a farmer plants his corn in the planting season, and says "the presumption is that this corn was planted on his own farm and in the usual season for planting.' We do not

think the court can presume the existence of facts necessary to show a breach of the alleged warranty, which essential facts plaintiff has failed to allege when he might easily have done so if they existed. Counsel for plaintiff cite no authority where presumption of the existence of facts not alleged goes so far as they ask us to go in order to sustain the complaint in this case. This complaint is more lacking in essential averments than either of the complaints in Andrews v. Wynn, 4 S. D. 40, 54 N. W. 1047, or Marvick v. Knight, 51 S. D. 151, 212 N. W. 866, which this court held insufficient to withstand a general demurrer.

The order overruling the demurrer is reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.