HELLEKSON, Appellant, v. ALICK, et al, Respondents.

(250 N. W. 36.)

(File No. 7318.   Opinion filed September 19, 1933.)

*Philo Hall,* of Brookings, for Appellant.

*Danforth & Davenport* and *R. F. Riemer,* all of Sioux Falls, for Respondent.

CAMPBELL, J.   In August, 1929, defendant Carl Alick agreed to purchase from plaintiff, Hellekson, forty-eight head of cattle and to pay $4,010 therefor, giving Hellekson his check in that amount.   Later in the same day Alick, claiming that only forty-six head of cattle were delivered to him instead of the agreed forty-eight, stopped payment on the check.   Helleckson indorsed the check to the First National Bank of Volga, which brought suit thereon and recovered judgment against Alick for the full amount of the check, with interest.   The suit on the check was brought by the bank with the knowledge and consent of Hellekson and at his expense and for his benefit, and for the present purposes the situation is the same as though Hellekson himself had sued Alick on the check and recovered judgment.   The judgment on the check being unpaid and execution thereon being returned unsatisfied, Hellekson instituted the present proceeding against Alick, naming as a codefendant the bank, which is the nominal owner and holder of the judgment on the check.   In the present proceeding it is the position of Hellekson that, as a matter of fact, there was no shortage in the cattle delivered, and that the giving of the check and the pretended claim of shortage and the stopping of payment on the check were all part and parcel of a fraudulent scheme whereby Alick set out to and did obtain forty-eight head of cattle from

Hellekson by false pretences and without paying for the same. The prayer of the complaint was that Hellekson have judgment against Alick for the value of the cattle thus obtained by fraud (which value is placed at $4,010), and that, if and when said judgment thus prayed for is paid and satisfied, the judgment which the bank secured against Alick on the check be also canceled and satisfied of record.

At the close of all the testimony the learned trial judge directed a verdict against the plaintiff, who has now appealed to this court.

It is the contention of respondent, and was the view of the court below, that, when Hellekson elected to sue upon the check (or to have the bank do so in his behalf), he proceeded in affirmance of the contract and elected his remedy, and that such proceeding was inconsistent with the position he takes in the present suit wherein he seeks to avoid the contract upon the ground of fraud and to recover, not the agreed contract price, but the actual value of the property of which he claims to have been defrauded (it being immaterial that he has alleged the value of said property to be identical in amount with the agreed contract price).

We believe the case was correctly ruled below. Clearly the action upon the check was an action in affirmance of the contract. The present action to recover the value of the property on the ground that it was obtained by fraud is just as much in repudiation of the contract as would be an action in claim and delivery to recover the cattle themselves on the ground that they were obtained by fraud. We think the remedies are inconsistent, and that the present action will not lie after suit and recovery upon the check.

The judgment and order appealed from are therefore affirmed.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., not sitting.