GRAY, Appellant, v. GURNEY SEED & NURSERY CO., Respondent.

(252 N. W. 3.)

(File No. 7469.   Opinion filed December 19, 1933.)

*Daly & Barnard,* of Renville, Minn., *H. A. Doyle,* of Yankton, and *D. H. Lloyd,* of Flandreau, for Appellant.

*Clark & Cope,* of Yankton, for Respondent.

RUDOLPH, P. J. This case was before this court on a demurrer to the complaint. See Gray v. Gurney Seed & Nursery Co., 57 S. D. 280, 231 N. W. 940. Following the decision upon the demurrer, the complaint was amended and the case tried before a jury. The jury returned a verdict for the defendant, and the plaintiff has appealed.

The complaint, as amended, set forth the statement in the catalogue held in the former opinion to constitute a warranty and alleged in addition to the allegations contained in the original complaint, which are set forth in the prior opinion, the essential averments which were lacking in the original complaint. The amended complaint contains the following additional allegation: "That the statements, warranties, representations with regard to the 'DeWolf's Extra Prolific Seed Corn' as heretofore set forth were and are false, fraudulent and untrue and the plaintiff believes and states the fact to be that when printing and circulating the said statements and warranties, the defendant knew them to be false and untrue."

The trial court, at the close of the opening statement to the jury by counsel for the plaintiff, inquired of such counsel whether plaintiff in the case relied on the theory of breach of warranty, or whether he relied upon damages for alleged fraud. In response to this inquiry from the court, counsel for plaintiff replied that it was his position that plaintiff was entitled to rely upon both theories of recovery. The defendant then moved the court to require that the plaintiff elect upon which theory recovery was sought, which motion the court overruled. After the evidence had been introduced, the defendant again made the motion that the plaintiff be required to elect whether recovery in the case was sought upon the theory of a breach of warranty, or whether it was sought to recover damages for alleged fraud. To this motion plaintiff objected, as follows: "Plaintiff objects to being required to elect as to whether or not they shall rely upon a breach of warranty or an action of fraud, for the reason that the complaint is sufficient and full enough to charge both, and they are not inconsistent. The complaint in the action was never attacked at any time up to the second trial of this action by defendant, and all of the evidence with reference to believing the statements in Exhibit A, relying thereon and that they were true as testified to by the plaintiff in this action,

all such evidence went into the record without any objection on the part of the defendant; and for the further reason that all of the same grew out of this one transaction."

The court thereupon granted the motion to require the election, and the plaintiff then elected to have the matter submitted to the jury as an action to recover damages for alleged fraud. The ruling of the court requiring an election is assigned as error, and will be the first subject of our consideration.

It will be observed that there has been no attempt on the part of the plaintiff to set out in the complaint as separate grounds of recovery, the two different theories upon which he maintained he had a right to recover in this case. However, the fact that these grounds of recovery were not separately stated is not a justification for requiring an election. The remedy in such case is to move at the proper time to make the complaint more definite and certain. Austin, Tomlinson & Webster Mfg. Co. v. Heiser, 6 S. D. 429, 61 N. W. 445. We are further of the opinion that it was error to require an election in this case on the doctrine of election of remedies.

"The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of election, and which are alternative and inconsistent with each other, and not cumulative, so that, after the proper choice of one, the other or others are no longer available. This is upon the theory that, of several inconsistent remedies, the pursuit of one necessarily involves or implies the negation of the others. Whether coexistent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings." 9 R. C. L. 958.

Our inquiry in this case is whether the two theories upon which plaintiff maintained his right to recover were so inconsistent as to require an election. The mere fact that on one theory the plaintiff was seeking a recovery because of an alleged tort, and upon the other theory because of an alleged breach of contract, is not sufficient in itself to require an election. 20 C. J. 26. The case of Harris et al v. Simplex Tractor Co., 140 Minn. 278, 167 N. W. 1045, presented a similar situation to that presented in this case. In that case the court said: "The complaint and the evidence were sufficient to warrant a recovery upon the ground of

deceit and also upon the ground of breach of warranty. After the evidence had been partly taken, defendant moved that plaintiffs be required to elect whether they would stand on the tort or the contract, and urges the denial of this motion as error. A cause of action in deceit and a cause of action for breach of warranty may be united in the same complaint where both arise out of the same transaction, and the ruling was correct."

To the same effect is the holding of the North Dakota court in the case of Needham v. Halverson & Co., 22 N. D. 594, 135 N. W. 203, wherein it is said: "The vendor may make both a false warranty and a false representation, and thus become liable to the vendee for the deceit and for the breach of the warranty and the vendee would, correspondingly, have two grounds of recovery, but would be entitled to only one relief in damages. The vendee in such a case can maintain an action based upon either right of action alone, or, since both rights of action arise out of the same transaction, he may base his action upon both grounds, stating them in separate causes of action. One of these two rights of action would arise from tort, the other from contract."

See, also, 1 Pom. Rem. 467; Humphrey v. Merriam, 37 Minn. 502, 35 N. W. 365; Robinson v. Flint, 7 Abb. Prac. (N. Y.) 393 note; Murphy v. McGraw, 74 Mich. 318, 41 N. W. 917; Freer v. Denton, 61 N. Y. 492; Brocklehurst v. Marsch, 225 Mass. 3, 113 N. E. 646; Mahder v. Wax, 192 Mich. 479, 158 N. W. 862; Robertson v. Halton, 156 N. C. 215, 72 S. E. 316, 37 L. R. A. (N. S.) 298. It being so well established by authority that, where a breach of warranty and fraud arise out of the same transaction, a recovery sought on one theory is not inconsistent with a recovery sought on the other, any further discussion is unnecessary.

In the recent case of Hellekson v. Alick et al, 61 S. D. 546, 250 N. W. 36, a very different situation than that involved in the instant case presented itself to this court. In that case there had already been a recovery of the contract price, based upon the affirmance of the contract, and the second action in effect repudiated the contract and sought to recover the value of the property, which we determined was in effect the same as attempting to recover the property itself. Obviously, the position of the appellant in the Hellekson Case was inconsistent. He could not recover the

contract price agreed to be paid for the property, and then later seek to recover the property itself or the value of the property. There is no such inconsistency in the actions of the appellant in this case. We conclude that it was error to require the election.

■■ The error in requiring an election necessitates a reversal. There is a further question involved in the case, however, which we believe should now be determined, as it involves the merits and will be the principal issue upon a retrial of the case. In the former opinion in this case it was held that the statement in the catalogue upon which appellant relied in purchasing this seed corn constituted an express warranty to the effect "(a) that the corn matures well to the northern part of South Dakota; (b) that it can be grown in the same district as Minnesota 13; (c) that it will out-yield Minnesota 13." As a defense to this action, there was pleaded and established by the proof a further provision of the catalogue which, it was claimed by respondent, constituted a disclaimer of the express warranty, and defeated the right of recovery on the theory of a breach of warranty. This alleged disclaimer is contained in the front part of the catalogue on page 2. Page 2 of the catalogue is headed with black face type, as follows: "Read Carefully—Business Rules, Instructions and Guarantee." Under this heading there are several subheadings in smaller black face type under which there appears in real small type the information sought to be given. One of the smaller subheadings in the smaller black face type is "Parcel Post." Under this heading there follows three paragraphs in the real small type, which paragraphs are numbered 13, 14, and 15. Paragraph 13, the first appearing under the subheading "Parcel Post," has reference to the weight of packages that may be delivered by parcel post; paragraph 14 refers to the manner in which orders will be shipped; and paragraph 15 is as follows:

"We guarantee that all seed ordered from this catalog will prove of satisfactory germinating test to you; that is, on arrival of the seed test it, and if it does not prove satisfactory you may return it to us within fifteen days after receipt of the seed by you, returning at our expense, and your money, together with the transportation charges which you have paid, will be refunded. It is so manifestly impossible for a seller of any perishable article to be responsible for what may happen to it after it leaves his hands,

especially one like seeds, which are planted under varying condi-
tions of soil and climate, that we and all other American seed
houses disclaim responsibility as to the crop that may be raised
from seed which we sell. At the same time, in case of failure to
secure proper results caused from some inherent fault in the seeds
themselves, Gurney Seed and Nursery Company accept resp/onsi-
bility, not for the crop, but to the extent of the amount of money
paid for the seed if immediately advised; or, seeds may be returned.
We do not warrant in any way, express or implied, the contents
or the description, quality, productiveness, or any other matter of
any seed and we will not be in any way responsible for the crop.
If the purchaser does not accept the goods on these terms they
are at once to be returned, and your money and transportation
charges paid by you will be cheerfully refunded."

It is upon this paragraph No. 15 that respondent relies. It is
the position of respondent that everything in the catalogue became
a part of the contract entered into by the parties, and that this
paragraph 15 printed in small type in the front part of the cata-
logue under the heading "Parcel Post" should override the express
warranty set out in the catalogue in connection with the offering
of this particular seed corn. In A. L. R. there is a series of anno-
tations covering the subject of warranty and condition on the sale
of seed, nursery stock, etc. These annotations may be found in 16
A. L. R. 859, 32 A. L. R. 1241, 62 A. L. R. 451. In these annota-
tions there is discussed the effect of a disclaimer of warranty
clause, and, so far as we have been able to determine, the cases
contained in the different annotations are very complete upon this
subject. The decisions are not in harmony. In many, if not most,
of the cases there is involved an implied warranty as distinguished
from an express warranty, such as is involved in this case. It
might be that the fine print contained in the front part of the
catalogue would overcome the effect of any implied warranty re-
garding the goods, but this question we need not determine for it
is not here presented. It was said in the case of Moorhead v. Min-
neapolis Seed Co., 139 Minn. 11, 165 N. W. 484, 485, L. R. A.
1918C, 391, Ann. Cas. 1918E, 481, that "the cases do not go so
far as to hold that if an express warranty is made its effect is
obviated by the use of letter or invoices or shipping tags on
which disclaimers are printed." Whether that statement be accu-

rate or not, we think there is some basis for a distinction in this connection between an express and an implied warranty. See Ward v. Valker, 44 N. D. 598, 176 N. W. 129; Elder Grocery Co. v. Applegate, 151 Ark. 565, 237 S. W. 92. Be that as it may, what we are asked to hold in this case is that the express warranty printed in this catalogue, which was printed, as testified to by the president of the defendant company, "as an inducement to prospective purchasers to buy 'DeWolf's Extra Prolific Seed Corn,'" should be negatived entirely by this fine print contained in the front part of the catalogue under the heading "Parcel Post." We do not believe that reason or authority would justify any such holding. The evidence established that the plaintiff did not observe or read this paragraph 15 prior to the trial of this action. What would be the legal effect had he read the paragraph prior to using this corn we need not now decide. Certainly under the state of facts here presented, we do not believe it should be held that the plaintiff was charged with knowledge of this alleged disclaimer of warranty. In the catalogue where this particular corn was advertised the plaintiff found this express warranty. Obviously, it was placed there as an inducement to him or any other prospective purchaser to buy this corn. After having observed this express warranty with its obvious purpose, we believe it only reasonable to hold that the plaintiff was entitled to rely thereon, and that he was not charged with any duty to search the fine print in the front part of the catalogue under the heading "Parcel Post" for the purpose of ascertaining that what was printed regarding this corn as an inducement to him to buy, in fact amounted to nothing and that the very person who caused the statements to be printed disclaimed responsibility therefor. Whether a seller may expressly warrant the goods he is offering for sale and in the same breath disclaim any responsibility on account of the warranty, we do not now decide. What we do decide is that, when the seller expressly warrants the goods, the purchaser is entitled to rely upon this warranty at least until he has actual knowledge of the disclaimer or because of the facts and circumstances surrounding the transaction should be charged with such knowledge. In our opinion the facts and circumstances here disclosed are not such as to charge the plaintiff with this alleged disclaimer contained in paragraph 15.

The judgment and order appealed from are reversed.

POLLEY, CAMPBELL, and ROBERTS, JJ., concur.

WARREN, J., disqualified and not sitting.