SANDBO, Respondent, v. SANDBO, Appellant

(290 N. W. 325.)

(File No. 8263. Opinion filed February 20, 1940.)

**C. G. Carrell,** of Lemmon, and **Dan McCutcheon,** of Belle Fourche, for Appellant.

**Wilmsen & Sutcliffe,** of Lemmon, and **Morrison & Skaug,** of Mobridge, for Respondent.

PER CURIAM. This case grows out of substantially the same facts as those involved in the case of Sandbo v. Sandbo, 67 S. D. 155, 290 N. W. 324, this day decided. Plaintiff in this case seeks to recover damages for the alleged breach of promise of marriage. The case was tried to a jury, and a verdict was returned for plaintiff. Defendant has appealed from the judgment entered and the order denying his motion for a new trial.

Appellant has grouped his assignments of error, and argued three principal contentions, any one of which he asserts requires a reversal. These three contentions are, as follows: First, abuse of discretion of the trial judge in limiting the scope of defendant's cross-examination of plaintiff's witnesses; second, error in the admission in evidence of the deed which plaintiff sought to have cancelled in the action above referred to; third, an election of remedies by bringing the action to cancel the deed, which estops plaintiff from seeking damages in this present action.

■ Insofar as appellant's first contention is concerned, we are of the opinion that the record fails to show an abuse of discretion by the trial judge in limiting the scope of appellant's cross-examination. Looking at the entire record it appears that much, if not all, the testimony sought to be elicited from the witnesses by the cross-examination found its way into the record by other means. In the light of the whole record no prejudice has been shown.

■■ The court by its instructions limited the jury's consideration of the deed, which plaintiff sought to have cancelled by the prior action, to the question of "whether or not a contract to marry was in fact entered into between the parties." Under this instruction the jury was not permitted to consider the transfer of this property in determining the amount of damage plaintiff sustained. The consideration by the jury of this deed, under the instruction given, was limited to the aid it would be to the jury, if any, in determining whether or not a promise of marriage was made by the defendant, the making of which promise the defendant denied. The consideration of this deed by the jury being thus limited, we do not believe its receipt in evidence was error. The plaintiff, under this instruction, is seeking no relief on account of the deed as such; she is simply asserting that the giving of this deed under the circumstances disclosed by the evidence, is corroboration, at least to some extent, of her claim and testimony that defendant did make the promise. We think it was admissible under the general rule that where the evidence is conflicting the court may, and should, receive evidence of all the circumstances attending the alleged transaction.

■■ Did the plaintiff by first instituting and prosecuting the action seeking the cancellation of the deed bring herself within the doctrine of election of remedies and thereby estop herself from seeking damages in this action? Defendant contends that under that doctrine plaintiff is not permitted, first, to rescind the contract of marriage and seek to recover the property transferred, and subsequently declare upon the contract and seek to recover damages for its breach. While it is, no doubt, the general rule that a plain-

tiff will not be permitted to take the inconsistent positions of affirming and also rescinding a contract (Hellekson v. Alick, 61 S. D. 546, 250 N. W. 36), we are convinced that this general rule has no application to the present case. Plaintiff's claimed right to have the deed cancelled and the property returned and her right to seek those damages which generally flow from a breach of promise to marry, while arising out of the same transaction, nevertheless, are distinctive grounds of action, and the prosecution of one should not bar the other.

In her two actions plaintiff is asserting two independent rights, neither one of which is included in the other, except that they both arise out of the same state of facts. If plaintiff wished the return of the property which she alleged was transferred in consideration of marriage, she had no choice other than the action seeking its return. Quite obviously, if her contentions are true, she had suffered damages because of the alleged breach of promise of marriage which damages were separate and apart and had no connection with the transfer of the property. This being true, the prosecution of the first action should not bar the second wherein she seeks only those damages which naturally flow from the alleged breach of promise, and which damages could not have been determined or litigated in the action seeking the recovery of the property. Plaintiff had separate and independent grounds of action upon which she was seeking relief, for which the remedies were not inconsistent, and which, in our opinion, might be concurrently or consecutively pursued to satisfaction.

The judgment and order appealed from are affirmed.

SMITH, P.J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.

POLLEY, J., dissents.