SANDBO, Appellant, v. SANDBO, Respondent

(290 N. W. 324.)

(File No. 8210. Opinion filed February '20, 1940.)

**Wilmsen & Sutcliffe**, of Lemmon, and **Morrison & Skaug**, of Mobridge, for Appellant.

**C. G. Carrell**, of Lemmon, and **Dan McCutcheon**, of Belle Fourche, for Respondent.

PER CURIAM. Allegra Sandbo brought this action for the purpose of setting aside a deed. Plaintiff alleges that

she and defendant entered into a marriage contract and then the substance of her claim is stated in paragraph 5 of her complaint, as follows: "That the only consideration for the execution of said deed and the conveying of said property to the defendant was the promise of the defendant to marry the plaintiff and to give her a good and proper home. That if the said defendant had not so promised to marry the defendant and to refrain from ill-treating her and her child she would never have deeded said land to the defendant. That the promise of the defendant to marry the plaintiff was simply an artifice and device to obtain her property."

The trial court made lengthy findings of fact, among which are findings 14 and 15, as follows:

"XIV. That while there is a direct conflict in the evidence as to any promise of remarriage between the parties, there is a total failure in the proofs that the alleged promise of the defendant to remarry the plaintiff was the sole consideration for the deed, and the court finds that there was other valid and legal consideration for the execution and delivery of the deed which was here attacked.

"XV. There was no sufficient proof that a fraudulent promise of remarriage was the sole and only consideration for said deed and the evidence discloses that any alleged promise of remarriage was not the consideration for the said deed."

These findings of the trial court will be viewed in the light of the issues presented and the allegations of the complaint. Plaintiff in her complaint alleges: "That the only consideration for the execution of said deed and the conveying of said property to the defendant was the promise of the defendant to marry the plaintiff."

We believe the finding of the court, above set out, to the effect that there was a failure of proof that the promise of marriage was the sole and only consideration for the giving of the deed, and was for the purpose of finding adversely to this allegation of the complaint. However, the trial court in its findings did not stop upon making this finding adverse to the claims of the plaintiff, but it made a def-

inite affirmative finding, as follows: "That any alleged promise of remarriage was not the consideration for the deed." We are convinced after a study of this record, that the evidence will support this finding, that is, the finding that any alleged promise of remarriage was not the consideration for the deed.

It follows that, in our opinion, the judgment and order appealed from must be, and are affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

SMITH, P.J., and ROBERTS, J., dissent.

SMITH, P.J., and ROBERTS, J., (dissenting). We think the judgment should be reversed. The court found that there was a direct conflict in the evidence as to a promise of remarriage. Whether there was such a promise, and if so, what the existing intention of the defendant was at the time with reference to performing the promise are within the province of the trial court to determine. A careful consideration of the evidence points convincingly to the fact that, if a promise was in fact made, it was made without intention to perform. If there was a fraudulent promise of remarriage, it cannot under the evidence in this action be reconciled with the finding that the promise did not induce the plaintiff to execute and deliver the deed.