**A. BELANGER & SONS, INC., Defendant, Appellant,**

v.

**UNITED STATES of America for the Use and Benefit of NATIONAL U. S. RADIATOR CORPORATION, Plaintiff, Appellee.**

No. 5558.

United States Court of Appeals First Circuit.

March 2, 1960.

Morris Michelson, Boston, Mass., with whom Joseph Corwin and Bruce Phillips, Boston, Mass., were on the brief, for appellant.

No appearance for appellee.

Before WOODBURY, Chief Judge, HARTIGAN, Circuit Judge, and DAY, District Judge.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered after trial before the court sitting without a jury.

This action was brought in the name of the United States for the use of National U. S. Radiator Corporation (hereinafter called National) under the Miller Act, 49 Stat. 793 (1935), 40 U.S.C.A. §§ 270a–270d. The defendant-appellant, A. Belanger & Sons, Inc. (hereinafter called Belanger), a sub-contractor on a government building project, contracted to install air conditioning apparatus at the project. Belanger ordered on its form eight coils for the air conditioning equipment from James Carter, sales representative of National. Subsequently National shipped the coils. During transit two coils were damaged. Belanger learned that the government would not accept repaired equipment for the project, and ordered from National two replacement coils. These replacement coils were packaged in the same fashion as the first shipment and on receipt were found similarly damaged. Belanger subsequently ordered coils from another company and installed them. National sued under the Miller Act for the balance allegedly owed by Belanger. Belanger denied liability for any balance and counterclaimed for the alleged excess paid and also for damages for breach of contract.

■ At trial, in addition to evidence supporting the general summary of the dealings set out above, there was testimony by James Carter that he recollected leaving a price list with Belanger which set forth "Conditions of Sale" on the first page. Among these conditions was the statement: "We are not responsible for damage to equipment in transit. Purchasers are warned against receipting for equipment before making careful inspection." On cross-examination, Carter admitted that he could not recall specifically leaving this price list with Belanger or the particular day that material was left with Belanger, but stated that ordinarily he should have left a catalog with the price list with a customer. Carter also testified that Belanger requested a quotation on coils for the project. Belanger moved that the price list with the printed conditions of sale be stricken. The motion was denied.

The court in its opinion found that the price list had been delivered to Belanger prior to the submission of the order. The court placed the risk of loss as to the first shipment of coils on Belanger, relying on the fact that the conditions of sale were before Belanger prior to the submission of its order. The court also found that Belanger's order accepted these conditions of sale.

Belanger contends that the contract was composed of its order and the shipment with invoice and bill of lading by National, and that, since nothing was said about risk of loss in these documents, Mass.G.L. c. 106 §§ 21(5) and 24

(Ter.Ed.1932),* would place the risk of loss on National. It was conceded apparently that Massachusetts law is applicable.[1]

In regard to this contention, we believe that the court below was correct in refusing to strike the price list from the record because of testimony of Carter. Carter's testimony that ordinarily he left a catalog with a customer was sufficient to support a finding that he left one with Belanger. Anderson v. Inhabitants of Town of Billerica, 1941, 309 Mass. 516, 36 N.E.2d 393; Prudential Trust Co. v. Coghlin, 1924, 249 Mass. 184, 144 N.E. 283. The findings of fact by a court shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. F.R.Civ. P. 52(a), 28 U.S.C.A. We do not believe that the findings of the trial court that the price list was delivered to Belanger prior to the submission of the first order for coils has been shown to be clearly erroneous. The price list was properly part of the record, if a notice of conditions of sale has relevance to the terms of the contract.

On this point appellant has cited to us various cases which deal with the question of when a circular or advertisement is an offer which may be accepted without further negotiations, and when such is merely an invitation to further negotiation or for an offer by the reader of the circular. We do not believe that these cases are helpful in deciding whether or not a statement of conditions of sale is incorporated into a contract later entered into.

■ The cases which seem to involve most precisely this question are those in which a seller relies on a disclaimer of warranty in a circular or catalog to avoid an implied warranty that the law would impose in relation to the sale if the parties did not otherwise agree. This line of cases does allow a notice of disclaimer in a catalog to be effective as to a subsequent sale in certain circumstances. Ross v. Northrup, King & Co., 1914, 156 Wis. 327, 144 N.W. 1124; Walls v. Centaur Company Limited, 126 L.T.R.(N.S.) 242 (1921). In regard to auction sales there is even clearer authority that a catalog is effective in defining the conditions of sale. E. g., Lipsett Wrecking & Salvage Corp. v. Joseph Reid Gas Engine Corp., 3 Cir., 1943, 137 F.2d 847; United States v. Atlanta Wrecking Co., D.C.N.D.Ga. 1925, 8 F.2d 542; Lewitus v. Brown & Seccomb, 1930, 228 App.Div. 146, 239 N.Y.S. 261; Henry v. Salisbury, 1897, 14 App.Div. 526, 43 N.Y.S. 851. Although in auction transactions there is more reason for a prospective purchaser to seek out written conditions of sale, and therefore constructive knowledge could be carried further, we believe that the auction cases as well as the others cited support a conclusion that a prior statement of conditions of sale, as in a catalog, can be incorporated into the contract of sale. It was, therefore, proper for the court to refuse to strike the price list from the record.

■■ The principle expressed in the above cases as determining whether or not the conditions set forth in the catalog are incorporated into the contract is whether or not it appears obvious from the catalog that the buyer's attention is drawn to the terms announced and that the terms apply to the purchase the buyer proposed to make. Walls v. Centaur Company, Limited, supra, Ross v. Northrup, King & Co., supra. See also Gray v. Gurney Seed & Nursery Co., 1933, 62 S. D. 97, 252 N.W. 3; Williston, Sales § 239c (Rev. ed. 1948); Williston, Contracts § 90d (3d ed. 1957). In the instant case the heading on the first page of the price list is: "Conditions of Sale."

* Now M.G.L.A. c. 106 §§ 2–319, 2–322(2), 2–327(1) (a), 2–401(2), 2–509, 9–207(2) (b).

1. The Uniform Sales Act is no longer the law in Massachusetts, former chapter 106 having been stricken, effective October 1, 1958, by the enactment of the Uniform Commercial Code, Acts 1957, c. 765, §§ 1, 21, M.G.L.A. c. 106 § 1–101 et seq. It remains the law of this case, however, and all citations of chapter 106 are to the Sales Act.

Plaintiff's Ex. No. 1. Therefore, we believe that the statement as to risk of loss was clearly enough presented to the prospective customer so that, if the catalog was delivered to Belanger before the submission of the order, and Belanger negotiated or ordered with reference to the catalog, Belanger could no longer place an order with National, saying nothing about risk of loss, and rely on a presumption under the statute because of the absence of any express mention of risk of loss in the later documents of sale. Cf. Walls v. Centaur Company, Limited, supra. If Belanger wished to contract differently, it should have negotiated expressly for different terms.

■ Some discussion was made in oral argument of whether or not the catalog had been used by Belanger in placing its order. Although there was testimony of a request for a quotation, and the order was for coils according to various specifications, the district court found that Belanger's order was an acceptance of the conditions of sale as set forth in the price list. Since the appellant has not shown us any evidence which clearly indicates that the order was placed entirely independent of the catalog and price list, and all the evidence relating to the dealings of Belanger and National (or its sales representative) is not before us, we cannot say that the finding of the district court that the order was an acceptance of the terms set forth in the price list was clearly erroneous.

■ The trial court made a finding that there was no showing of improper packaging by National as to the first shipment. The district court considered the testimony and other evidence in reaching this conclusion. We cannot say this finding was clearly erroneous. Appellant contends that the lower court should have applied Mass.G.L. c. 106 § 35(2) (Ter.ed.1932)** to this case and should have held that National had not made a reasonable contract for shipment of the coils. Since the finding that the coils were sufficiently packaged for ordinary handling is upheld, any reliance on

§ 35(2) implies that a contract was made which contemplated rougher handling than ordinary. There is no evidence in the record as to unusual terms of the contract for shipment. Certainly there is nothing in the record to support a conclusion that National did not make a reasonable contract for shipment, therefore, appellant's contention in this regard must be rejected.

■■ Appellant further contends that the district court erred in excluding expert testimony on the value of the damaged coils in the second shipment. The exclusion was on the ground that the witness was not shown to have the proper qualifications. Whether a witness is qualified to express an expert opinion is a matter left to the sound discretion of the trial judge. In the absence of clear error, as a matter of law, the trial judge's decision will not be reversed. Stillwell & Bierce Manufacturing Co. v. Phelps, 1889, 130 U.S. 520, 9 S.Ct. 601, 32 L.Ed. 1035; Hunt v. Bradshaw, 4 Cir., 1958, 251 F.2d 103; Langham, Langston & Burnett v. Blanchard, 5 Cir., 1957, 246 F.2d 529. All that appellant showed at the trial as to the qualifications of its experts was the position that each held in Belanger. The district court's decision in this regard was not clearly erroneous as a matter of law.

■ The appellant also contends in its brief that the district court erred in not granting at least nominal damages for the damaged coils. It did allow special damages suffered in connection with National's failure to perform on the reorder. This allowance of special damages sufficiently vindicated Belanger's rights and nominal damages would not make any difference here in regard to assessment of costs. See Peck v. Tribune Co., 7 Cir., 1907, 154 F. 330, reversed on other grounds 1909, 214 U.S. 185, 29 S.Ct. 554, 53 L.Ed. 960; Annotation 1926, 44 A.L. R. 168, 182–183. We shall not reverse to permit the recovery of nominal damages only.

Judgment will be entered affirming the judgment of the district court.

** Now M.G.L.A. c. 106 § 2–504.